# IN THE COURT OF APPEALS OF IOWA

No. 12-0458
Filed May 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES ALLEN JENSEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Nancy S. Tabor,

Judge.

        James Jensen appeals, asserting ineffective assistance of trial counsel

affected his restitution order.  **APPEAL DISMISSED.**

        Tomas J. Rodriguez, Orland Park, Illinois, for appellant.

        Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney

General, Michael J. Walton, County Attorney, and Joe Grubisich, Assistant

County Attorney, for appellee.

        Considered by Vogel, P.J., and Doyle and Mullins, JJ.  Tabor, J., takes no

part.

**VOGEL, P.J.**

James Jensen appeals, asserting ineffective assistance of trial counsel affected his restitution order. Jensen claims his trial counsel should have deposed two State witnesses prior to his entering a guilty plea, and should have limited the factual basis in the guilty plea so as not to include one charge that was dismissed, but later was considered in determining the restitution. Because Jensen did not timely appeal from his conviction and sentence, our supreme court, by order, limited Jensen's appeal to issues challenging the restitution order. Because he disregarded that order, we dismiss Jensen's appeal.

On July 6, 2011, Jensen was charged with third degree burglary of an unoccupied vehicle, in violation of Iowa Code sections 713.1 and 713.6A(2) (2011), and second degree theft, in violation of Iowa Code sections 714.1(1) and 714.2. On November 16, 2011, Jensen entered into a global plea agreement relating to these charges as well as four other criminal charges, pleading guilty to the third degree burglary charge. With regard to the burglary plea, Jensen admitted he "broke into a motor vehicle (unoccupied) and stole stereo equipment." Although the theft charge was dismissed, the memorandum of the plea agreement stated: "Defendant to pay victim restitution on all counts." The court acknowledged this term at the plea hearing. Jensen was sentenced on December 22, 2011. A contested restitution hearing was held on February 1, 2012, in which the district court ordered Jensen to pay $750 in restitution to the victim.

Jensen did not file a timely direct appeal challenging his plea, conviction, and sentence. Consequently, in an order dated March 14, 2013, the supreme

court struck the amended proof brief and limited the issues Jensen could address on appeal to the restitution order. Specifically, the supreme court's order stated, "[T]he defendant shall serve and shall file a second amended appellant's proof brief. Such a brief shall only raise restitution issues that challenge the ruling from which the appeal is taken."

In his second amended brief, Jensen claims trial counsel was ineffective for failing to depose two State witnesses prior to entering his guilty plea. Jensen argues that, had these witnesses been deposed, they would have testified Jensen did not steal any property from the victim's vehicle, which would have led to a more favorable ruling in the restitution hearing. Jensen also claims the factual basis to which he admitted in the guilty plea was too broad, because it eliminated the likelihood of avoiding restitution due to the dismissed theft charge.

These arguments address trial counsel's alleged failures, framing the issues as ineffective-assistance claims. Jensen can only raise ineffective-assistance-of-trial-counsel claims on direct appeal when the direct appeal is timely. *See generally State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Jensen's arguments do not attack the restitution order directly, nor do they reference restitution counsel's performance. Thus, Jensen does not appeal from the restitution order. Rather, Jensen's claims raise issues related to his plea and conviction, an appeal already determined to be untimely, and therefore outside the scope of the order issued by the supreme court. Consequently, we dismiss Jensen's appeal.

**APPEAL DISMISSED.**