# IN THE COURT OF APPEALS OF IOWA

No. 14-0214
Filed November 13, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LUKE PATRICK NELSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Luke Nelson appeals following his plea of guilty to aggravated assault. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Jennifer Miller, County Attorney, and Paul Crawford, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Luke Nelson appeals following his plea of guilty to aggravated assault. He contends his trial counsel was ineffective in failing to fully and accurately advise him of his right to file a motion in arrest of judgment, in advising him to plead guilty, and in not personally appearing at sentencing or offering evidence on the defendant's behalf.

"Ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). Only where the record is adequate to evaluate the claim will we resolve an ineffectiveness claim on direct appeal. *Id.* We prefer to reserve such claims for development of the record and to allow trial counsel to defend against the charge. *Id.* If the record is inadequate to address the claim on direct appeal, we must preserve the claim for a postconviction-relief proceeding, regardless of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Here, we preserve the claims for possible postconviction proceedings, finding the record inadequate to address them.

**AFFIRMED.**