# IN THE COURT OF APPEALS OF IOWA

No. 14-0890
Filed March 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT BUCK MARTINDALE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal (plea) and Carla T. Schemmel (sentencing), Judges.

        Robert Buck Martindale appeals from judgment and sentences imposed upon his pleas of guilty to charges of burglary in the third degree and domestic abuse assault causing bodily injury. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, John P. Sarcone, County Attorney, and Justin Allen and Jaki Livingston, Assistant County Attorneys, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Robert Buck Martindale appeals from judgment and sentences imposed upon his pleas of guilty to charges of burglary in the third degree and domestic abuse assault causing bodily injury. On May 14, 2014, Martindale was sentenced to terms of imprisonment of five years for burglary in the third degree and one year for domestic abuse assault causing bodily injury. The terms of imprisonment were ordered to be served concurrently but consecutive to the sentence imposed in another criminal case. On appeal, he contends his counsel was ineffective and the court abused its discretion in imposing sentences of incarceration rather than placing him in a residential facility.

The record is inadequate to address Martindale's ineffectiveness claim, and we preserve it for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *see also State v. Clark*, 814 N.W.2d 551, 567 (Iowa 2012) (noting the arguments on the subject of ineffective assistance of counsel have been raised in "'a general or conclusory manner'" and, thus, "the record is not sufficient for us to address them" (citation omitted)).

As for the sentence imposed, "the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

We conclude the district court was justified in imposing concurrent terms of incarceration here, which were to be served consecutive to sentences imposed in other proceedings. As noted by the district court, Martindale committed these offenses while on probation for another offense. He was also awaiting disposition of other pending criminal charges. The sentences imposed by the district court were within the statutory limits and cannot be considered unreasonable or based on untenable reasons. We affirm.

**AFFIRMED.**