**IN THE COURT OF APPEALS OF IOWA**

No. 14-0053
Filed January 25, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN REICHARD BOCKERT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol L. Coppola,

District Associate Judge.


        Steven Bockert appeals following his plea of guilty to domestic abuse

assault.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, for appellant.


        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.



        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

Steven Bockert entered a written *Alford* plea of guilty to domestic abuse assault enhanced, in violation of Iowa Code sections 708.1 and .2A(3)(b) (2013). On appeal, he claims his plea counsel was ineffective in failing to inform him of the minimum and maximum punishments for the criminal offense. *See* Iowa R. Crim. P. 2.8(2)(b).

"We review claims of ineffective assistance of counsel de novo." *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. *See id.* If we determine the claim cannot be addressed on appeal, we must preserve it for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Bockert claims that his plea counsel was ineffective by allowing him to plead guilty to domestic assault without informing him of the thirty-five percent surcharge required by Iowa Code section 911.1(1). Bockert waived the reporting of his plea and sentencing hearing, did not create a bill of exceptions under Iowa Rule of Criminal Procedure 2.25, or supplement the record under Iowa Rule of Appellate Procedure 6.806. Thus, we do not know what discussions occurred between Bockert and his attorney or whether the payment of a section 911.1(1) surcharge was addressed during the hearing. Because this record is inadequate, we cannot address Bockert's ineffectiveness claim at this time.

We affirm the conviction and preserve the ineffectiveness claim.

**AFFIRMED.**