# IN THE COURT OF APPEALS OF IOWA

No. 16-0974
Filed January 25, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JODIE MARIE HILL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

Jodie Hill appeals claiming her guilty plea was not voluntary and the court abused its discretion in sentencing. **AFFIRMED.**

Francis P. Hurley of Phil Watson P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Jodie Hill entered a written guilty plea to third-degree theft, an aggravated misdemeanor. The district court sentenced her to a prison term not exceeding two years. On appeal, Hill contends her attorney advised her "the charge of Theft in the Third Degree required the District Court to impose a mandatory prison sentence" and "if she pled guilty, she could go to prison where she would receive medical care" for her recently-diagnosed terminal cancer. In her view, her attorney was ineffective in providing this advice, which she characterizes as coercive. As a result, she argues, her plea was unknowing and involuntary. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011) ("One way a defendant can intrinsically challenge the voluntary and intelligent nature of his or her guilty plea is to prove 'the advice he [or she] received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases.'" (*citing State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009)).

Hill concedes "the appellate court cannot speculate as to what [she] did and did not say, nor can it determine what motivated [her] to sign the [guilty plea] petition." She asserts she simply raised "these issues to preserve them for post-conviction relief."

She did not need to do so. *See* Iowa Code § 814.7(1) (stating an ineffective assistance of counsel claim "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes"); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("[W]e hold defendants are no longer required to raise ineffective-assistance claims on direct appeal, and when they choose to do so, they are not required to make any

particular record in order to preserve the claim for postconviction relief."). But because she did, our only two choices are to deem the record adequate to decide the claim or preserve the claim for postconviction relief. *Johnson*, 784 N.W.2d at 198.

We agree with Hill that the record is inadequate to address her ineffective assistance claims, which we view as a single claim implicating the voluntariness of her plea. We preserve the claim for postconviction relief. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) ("If the record is inadequate on appeal, the issue must be addressed in an action for postconviction relief.").

Hill next contends the district court abused its discretion in "imposing the maximum time of incarceration." She argues the district court failed to consider her deteriorating "physical health and her employment."

A sentencing court is not required to address every mitigating factor urged by a defendant. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Using a form order, the district court checked appropriate factors in support of the prison term, including "[t]he nature and circumstances of the crime," "[p]rotection of the public from further offenses," and "[Hill's] criminal history." We conclude the district court did not abuse its discretion in imposing a prison term not exceeding two years. *See State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (setting forth the standard of review).

**AFFIRMED.**