**IN THE COURT OF APPEALS OF IOWA**

No. 16-0663
Filed February 22, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUAN ALBERTO FLORES,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, William C. Ostlund (guilty plea) and James A. McGlynn (sentencing), Judges.

Juan Flores claims his counsel was ineffective in his guilty plea proceeding. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Juan Flores pled guilty to second-degree robbery and was sentenced to "ten years in prison with a requirement that [he is] not eligible for parole until [he] serve[s] th[e] mandatory minimum of 70 percent." On appeal, Flores contends "trial counsel was ineffective for not making sure that [he] understood the minimum sentence was seven years and was informed of his constitutional rights to confront and cross examine witnesses against him before he pled guilty."

To succeed, Flores must show that (1) his trial "counsel's performance was deficient" and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## I. Mandatory Minimum Sentence

"[T]he court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." Iowa Code § 2.8(2)(b)(2) (2016). The record is adequate to determine whether this rule was satisfied.

At the plea proceeding, the prosecutor began by summarizing the sentence and by specifically referring to "a period not to exceed ten years" and a "seventy percent mandatory minimum period of incarceration." The district court followed up by telling Flores he "could be sent to prison for up to ten years" and it was "require[d] that . . . seventy percent of the term be served." Flores agreed he was aware of "all those things." In light of this colloquy, we conclude Flores'

attorney did not breach an essential duty in failing to ensure Flores was informed that seventy percent of ten is seven.

## II.    Right to Cross-Examine Witnesses

"Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . [t]hat the defendant has . . . the right to confront and cross-examine witnesses against the defendant . . . ."  Iowa Code § 2.8(2)(b)(4).

The State concedes "the district court failed to inform [Flores] of his 'right to confront and cross-examine witnesses against' him at trial, and that his trial counsel likely breached an essential duty by failing to object to the colloquy." The State argues, however, that Flores did not "prove that it is reasonably probable that he would not have pleaded guilty and [would] instead have proceeded to trial."  We find the record inadequate to resolve the prejudice argument on direct appeal.  Accordingly, we preserve this issue for postconviction relief.  *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (stating defendants on direct appeal "are not required to make any particular record in order to preserve the claim for postconviction relief" and further stating if "the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim").

We affirm Flores' judgment and sentence and preserve his "right to cross-examine" claim for postconviction relief.

**AFFIRMED.**