**IN THE COURT OF APPEALS OF IOWA**

No. 16-1192
Filed March 22, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**STEVEN M. SIFUENTES,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

     The defendant appeals his convictions for domestic abuse assault, burglary in the third degree, and domestic abuse assault as a third or subsequent offense. **AFFIRMED.**

     Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

     Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

     Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Steven Sifuentes pleaded guilty to domestic abuse assault, burglary in the third degree, and domestic abuse assault as a third or subsequent offense. Sifuentes seeks to vacate his convictions. Sifuentes contends that his guilty pleas were not knowing and voluntary in a variety of ways and for a variety of reasons and that his plea counsel provided constitutionally ineffective assistance in allowing Sifuentes to plead guilty under the circumstances.

Sifuentes' direct challenge to his guilty plea is barred. To challenge a guilty plea, the defendant is required to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3). The district court shall thereafter determine if "upon the whole record no legal judgment can be pronounced." Iowa R. Crim. P. 2.24(3)(a). "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." *Id.* Sifuentes was informed of the requirement he file a motion in arrest of judgment to challenge his guilty plea, and he was informed of the consequences for failing to do so. Despite being correctly advised, Sifuentes did not file a motion in arrest of judgment. Sifuentes' claim is therefore barred. *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

Sifuentes contends his counsel provided ineffective assistance in allowing Sifuentes to plead guilty under the circumstances. Additionally, Sifuentes argues his counsel was ineffective for failing to file the motion in arrest of judgment. *See State v. Straw*, 709 N.W.2d 128, 132–33 (Iowa 2006) (holding while failure to file a motion in arrest of judgment to challenge a guilty a plea bars a direct appeal of conviction, "this failure does not bar a challenge to a guilty plea if the failure to file

a motion in arrest of judgment resulted from ineffective assistance of counsel"). To prove ineffective assistance of counsel, Sifuentes is required to show both that his attorney breached an essential duty and Sifuentes was prejudiced as a result of his attorney's actions or omissions. *See id.* at 133. This requires a showing that Sifuentes would have insisted upon going to trial. *See id.*

We preserve Sifuentes' claims for postconviction-relief proceedings to allow him the opportunity to develop an adequate record for resolution of his claims on the merits. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (stating if there is not an adequate record to reach the merits of an ineffective-assistance-of-counsel claim on direct appeal, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim").

We therefore affirm Sifuentes' convictions and preserve his challenges to his guilty pleas for postconviction-relief proceedings.

**AFFIRMED.**