# IN THE SUPREME COURT OF IOWA

No. 08–0533

Filed July 9, 2010

**STATE OF IOWA,**

Appellee,

vs.

**ANDREW RUSSELL JOHNSON,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Joel D. Novak, and Robert A. Hutchison, Judges.

Defendant seeks further review of court of appeals' decision affirming district court's denial of his pretrial motions finding substantial evidence supports his conviction and holding he failed to preserve an ineffective-assistance-of-counsel claim for postconviction review. **DECISION OF COURT OF APPEALS VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Gary D. Dickey, Jr. of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Cristen O. Douglass (until withdrawal) and then Elisabeth S. Reynoldson, Assistant Attorneys

General, John P. Sarcone, County Attorney, and Steven M. Foritano, Assistant County Attorney, for appellee.

**TERNUS, Chief Justice.**

This matter comes to us on further review of the court of appeals' decision affirming the second-degree murder conviction of appellant, Andrew Russell Johnson. The court of appeals rejected Johnson's claims that the district court erred in denying his motion to suppress and in determining he was competent to stand trial. The court of appeals also held there was substantial evidence in the record to support Johnson's conviction. Finally, the court of appeals refused Johnson's request to preserve his ineffective-assistance-of-counsel claim based on trial counsel's failure to assert that Johnson was a victim of selective prosecution because Johnson had failed to articulate this claim on appeal with the requisite specificity.

We granted Johnson's application for further review to consider two issues: (1) the court of appeals' review of the trial court's determination of the defendant's competency to stand trial for correction of errors of law, and (2) the court of appeals' decision that Johnson's ineffective-assistance-of-counsel claim was too general to preserve. *See Anderson v. State,* 692 N.W.2d 360, 363 (Iowa 2005) ("On further review, we can review any or all of the issues raised on appeal or limit our review to just those issues brought to our attention by the application for further review."); *State v. Doggett,* 687 N.W.2d 97, 99 (Iowa 2004) (declining to exercise discretion on further review to consider all issues raised on appeal, deciding instead to consider only the ineffective-assistance-of-counsel claim). Upon our review, we vacate the court of appeals' decision on both issues,[1] affirm the district court's judgment,

---

[1]The court of appeals' decision stands as the final decision with respect to the other issues raised on appeal that we do not address. *See Everly v. Knoxville Cmty. Sch. Dist.,* 774 N.W.2d 488, 492 (Iowa 2009).

and preserve the defendant's ineffective-assistance-of-counsel claim for postconviction relief.

**I. Competency to Stand Trial.**

**A. Standard of Review.** Before we review the trial court's determination that Johnson was competent to stand trial, we address Johnson's contention the court of appeals applied an incorrect standard of review. The court of appeals reviewed the trial court's decision on this issue for correction of errors of law. Johnson asserts review of a competency decision should be de novo because a claim the defendant is not competent to stand trial implicates the defendant's due process rights. *See Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S. Ct. 1373, 1376, 134 L. Ed. 2d 498, 505–06 (1996).

This issue was addressed in a recent decision in which we held the constitutional basis of a claim the defendant is not competent to be tried requires a de novo review on appeal. *State v. Lyman*, 776 N.W.2d 865, 873 (Iowa 2010). Therefore, we will review the trial court's decision on the issue of the defendant's competency de novo.

**B. Applicable Legal Principles.** In *Lyman*, we reviewed the legal principles that govern a defendant's claim of incompetency to stand trial:

> At common law, the State could not try a criminal defendant if that person's mental condition was such that he or she lacked the capacity to understand the nature and object of the proceedings, to consult with counsel, and to assist in preparing a defense. The Supreme Court has stated the test to determine if a criminal defendant is competent to stand trial is whether the person " 'has sufficient present ability to consult with [counsel] with a reasonable degree of rational understanding—and whether [the person] has a rational as well as factual understanding of the proceedings.' " In Iowa, we define the test as whether "the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." The common thread running through these tests is that a criminal defendant

must be able to effectively assist counsel in his or her defense.

We presume a defendant is competent to stand trial. The defendant has the burden of proving his or her incompetency to stand trial by a preponderance of the evidence. If the evidence is in equipoise, the presumption of competency prevails.

*Id.* at 873–84 (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789, 4 L. Ed. 2d 824, 825 (1960) and Iowa Code § 812.3(1) (2005)) (citations omitted).

Here, the defendant does not contest his ability to appreciate the charge against him and understand the proceedings. Rather, he asserts his borderline personality disorder prevented him from assisting effectively in his defense.

**C. Discussion.** About two months before Johnson's scheduled trial on a first-degree murder charge, he requested a hearing on his competency to stand trial. A hearing was held, at which both parties presented expert testimony.

Johnson's expert, psychologist Dr. Jeffrey Kline, conducted a thorough review of Johnson's long history of treatment for mental disorders, administered various psychological tests to Johnson, and extensively interviewed the defendant. Dr. Kline opined that Johnson suffered from a borderline personality disorder that creates "an almost constant interference" with his relationship with his attorneys. Johnson's illness, according to Dr. Kline, manifests itself in emotional variability and paranoia. Dr. Kline noted that Johnson exhibited distrust of his lawyers and often thought they were conspiring against him. As a result, Dr. Kline believed Johnson "[a]t times . . . may not be able to consider rationally the advice of counsel." Dr. Kline concluded "Johnson

is unable to effectively assist in his own defense and therefore [is] incompetent to proceed in this matter."

The State's expert, psychiatrist Dr. James Dennert, spent less time in assessing Johnson's competency to stand trial, but reviewed pertinent documents, including Dr. Kline's reports, and interviewed the defendant for several hours. Dr. Dennert opined that Johnson did not suffer from a mental illness that would prevent him from assisting in his own defense. Dr. Dennert's opinion was based to some extent on his conclusion that "a good deal of what [Johnson] told [him] is best interpreted as being self-serving." Dr. Dennert believed Johnson repeated to him and others what he had read in Dr. Kline's reports and elsewhere "as a means of trying to help his case." Dr. Dennert concluded Johnson was "perfectly capable of assisting his attorneys effectively." He noted Johnson may not choose to do so, but his failure to assist his attorneys was a matter of choice.

We also have the benefit of the trial court's observations of the defendant at the competency hearing. In concluding Johnson was competent, the trial court noted Johnson's demeanor in the courtroom was appropriate, and he consulted with one or both of his attorneys at various times during the proceeding. The court also observed in its ruling that there were no professional statements by the defendant's attorneys or other evidence that Johnson's attorneys were unable to communicate with him "regarding his case and any other issues in a rational and logical manner."

After reviewing the record, we are persuaded by the testimony of Dr. Dennert and the trial court's observations and conclude that Johnson failed to prove by a preponderance of the evidence that he was not competent to stand trial. Accordingly, we affirm the decision of the trial court on this issue.

## II. Ineffective-Assistance-of-Counsel Claim.

**A. Background Facts and Proceedings.** Johnson was charged with first-degree murder in the death of Matthew Stegman. Several individuals participated to some degree in Stegman's murder. Of those involved, all but Alexandra Habeck were charged with first-degree murder. On appeal, Johnson claims the prosecution's decision not to charge Habeck constituted a violation of his right to equal protection under the United States Constitution and the Iowa Constitution. *See generally Oyler v. Boles*, 368 U.S. 448, 456, 82 S. Ct. 501, 506, 7 L. Ed. 2d 446, 453 (1962) (holding selectivity in prosecution violates the Equal Protection Clause when the decision was "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification"). Johnson claims that he was less culpable than Habeck, given that Johnson did not assault or kill the victim and left the scene during the commission of the murder while Habeck actively assisted in the physical assault of the victim and held the shirts of two other defendants to keep blood from getting on their clothes during the murder.

Johnson's trial counsel did not make a selective-prosecution claim in the district court. On appeal, Johnson's appellate counsel suggested in his brief that trial counsel's failure to raise this claim could have resulted from a belief that the county attorney's charging decisions were not yet final or could constitute ineffective assistance of counsel. In light of this uncertainty, appellate counsel asserted the record was not sufficient to determine on direct appeal whether trial counsel rendered ineffective assistance and this claim should be preserved for a postconviction-relief proceeding. The court of appeals refused to preserve the claim on the ground that it was "too general in nature"

because the defendant had not specified "which, if any, impermissible classification the prosecutor allegedly based the charging decision on, nor [had the defendant made] any other specific argument with regard to this issue."

**B. Governing Legal Principles.** Iowa Code chapter 822 (2007) provides a procedure for persons "convicted of, or sentenced for, a public offense" to assert a claim for postconviction relief. Iowa Code § 822.2(1). This chapter includes a claim/issue preservation provision that states:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

*Id.* § 822.8. We have interpreted this provision to require a postconviction-relief applicant to raise any ineffective-assistance claims on direct appeal or "show sufficient reasons why any ground for relief asserted in a postconviction relief petition was not previously asserted on direct appeal." *Bugley v. State*, 596 N.W.2d 893, 896 (Iowa 1999); *accord Bledsoe v. State*, 257 N.W.2d 32, 33–34 (Iowa 1977). If the defendant fails to prove a sufficient reason for failing to raise a claim on direct appeal, he is precluded from asserting the claim in a postconviction proceeding. *Bugley*, 596 N.W.2d at 896; *Bledsoe*, 257 N.W.2d at 34.

Not only have our cases required that ineffective-assistance-of-counsel claims be raised on direct appeal, our cases have also required a fairly specific description of such claims before they would be preserved for a postconviction-relief proceeding. In order to preserve an ineffective-

assistance claim, a defendant has been required to make a sufficient record on direct appeal supporting the legitimacy of the claim:

> To preserve claims of ineffective assistance of counsel for postconviction review, a defendant must make some minimal showing from which this court can assess the potential viability of his or her claim. Such a showing should not only demonstrate some need for further development of the record, but should indicate why the challenged actions are believed to have been ineffective and what prejudice is likely to have resulted from them. The bald assertion that certain acts constitute ineffective assistance of counsel will be insufficient to preserve the question for postconviction proceedings.

*State v. Wagner*, 410 N.W.2d 207, 215 (Iowa 1987) (citations omitted); *accord State v. White*, 337 N.W.2d 517, 519 (Iowa 1983); *cf. Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (applying similar specificity requirement to claims of ineffective assistance of postconviction-relief counsel made in appeal of adverse judgment in postconviction-relief action). In *Wagner*, we concluded that, because the defendant had not provided "definitive instances of possible prejudice flowing from counsel's challenged actions," the defendant had failed to raise a "viable claim of ineffective assistance." 410 N.W.2d at 215. Therefore, we held, there was "no basis for preserving these issues for postconviction review." *Id.*

Subsequently, in 2004, the legislature enacted Iowa Code section 814.7. 2004 Iowa Acts ch. 1017, § 2 (codified at Iowa Code § 814.7 (2005)). That section provides:

**814.7. Ineffective assistance claim on appeal in a criminal case.**

1. An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822, except as otherwise provided in this section. *The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes.*

2. A party may, but is not required to, raise an ineffective assistance claim on direct appeal from the

criminal proceedings if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal.

> 3. If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim *or may choose to preserve the claim for determination under chapter 822.*

Iowa Code § 814.7 (emphasis added). We have held section 814.7 applies retroactively to all criminal cases. *See Hannan v. State*, 732 N.W.2d 45, 50–51 (Iowa 2007).

In *State v. Straw*, 709 N.W.2d 128 (Iowa 2006), we summarized the law set forth in this new statute, essentially concluding the statute means what it says:

> An ineffective-assistance-of-counsel claim in a criminal case "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes." Iowa Code § 814.7(1) (2007). The defendant may raise the ineffective assistance claim on direct appeal if he or she has reasonable grounds to believe the record is adequate to address the claim on direct appeal. *Id.* § 814.7(2). If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings. *Id.* § 814.7(3).

*Straw*, 709 N.W.2d at 133. As we later stated in *Hannan*, "[s]ection 814.7 allows a defendant to raise ineffective-assistance-of-counsel claims for the first time in [postconviction-relief] proceedings." 732 N.W.2d at 50. Thus, section 814.7 essentially nullified this court's interpretation of section 822.8 in *Bledsoe* and *Bugley* that ineffective-assistance claims must first be raised on direct appeal.

Notwithstanding legislative abrogation of the preservation requirement as it applied to direct appeals, we stated in a 2007 decision that "[c]laims of ineffective assistance of counsel on direct appeal are preserved for postconviction relief *only if* the defendant makes a minimal

showing of the potential viability of the claim." *State v. Alloway*, 707 N.W.2d 582, 587 (Iowa 2006) (emphasis added) (citing *Wagner*, 410 N.W.2d at 215). Because the defendant in *Alloway* had failed "to sufficiently articulate the prejudice prong of his claim," we refused to preserve the claim for a postconviction-relief action. *Id.* We did not consider the effect of section 814.7 on the specificity requirement we had imposed in *Wagner* and applied in *Alloway.* The court of appeals, in its opinion in the present case, questioned the continued viability of the specificity requirement in light of the adoption of section 814.7, but believed it was constrained to follow *Alloway.*

Upon our examination of this issue, we overrule our holding in *Alloway* that a defendant is required to demonstrate the potential viability of any ineffective-assistance claim raised on direct appeal in order to preserve the claim for postconviction relief. We think it would be inconsistent with the rule that a defendant is not required to raise ineffective-assistance claims on direct appeal in order to preserve such claims for postconviction relief, yet hold that such claims cannot be preserved when they are raised in a general or conclusory manner on direct appeal. Moreover, section 814.7(3) clearly gives the appellate court only two choices when an ineffective-assistance claim is raised on direct appeal: (1) "decide the record is adequate to decide the claim," or (2) "choose to preserve the claim for determination under chapter 822." Iowa Code § 814.7(3). Based on the provisions of section 814.7, we hold defendants are no longer required to raise ineffective-assistance claims on direct appeal, and when they choose to do so, they are not required to make any particular record in order to preserve the claim for postconviction relief.

Of course, if a defendant wishes to have an ineffective-assistance claim resolved on direct appeal, the defendant will be required to establish an adequate record to allow the appellate court to address the issue. If the defendant requests that the court decide the claim on direct appeal, it is for the court to determine whether the record is adequate and, if so, to resolve the claim. If, however, the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.

**C. Discussion.** We now consider Johnson's claim of ineffective assistance of counsel based on trial counsel's failure to make a claim of selective prosecution. Johnson does not request that his claim of ineffective assistance of counsel be resolved on direct appeal, as he acknowledges further development of the record on this issue is necessary. Therefore, consistent with Johnson's right under section 814.7(1) to forego raising his ineffective-assistance-of-counsel claim on direct appeal and as required by section 814.7(3), we preserve the issue of trial counsel's ineffective assistance regarding Johnson's selective-prosecution claim for a postconviction-relief proceeding.

**III. Disposition.**

We vacate that part of the court of appeals' decision addressing the defendant's claims that (1) the trial court erred in finding him competent to stand trial, and (2) his trial counsel rendered ineffective assistance in failing to raise a claim of selective prosecution. Upon our de novo review of the trial court's competency ruling, we affirm. Because the record is not sufficient on appeal to resolve Johnson's ineffective-assistance-of-counsel claim, we preserve that claim for postconviction relief.

**COURT OF APPEALS DECISION VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Streit, J., who takes no part.