# IN THE COURT OF APPEALS OF IOWA

No. 13-1055
Filed October 1, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HAROLD MARCELLE BILLINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol L. Coppola (motion) and Gregory D. Brandt (plea and sentencing), District Associate Judges.


        Appeal from guilty plea to domestic abuse assault causing injury, claiming ineffective assistance. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, John P. Sarcone, County Attorney, and Mike Salvner, Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Harold Billington appeals from his conviction of domestic abuse assault enhanced, second offense. He claims his guilty plea was not knowing or voluntary because his attorney rendered constitutionally ineffective assistance of counsel by not advising Billington that foregoing trial waived any challenge to the court's ruling on Billington's request for the victim's mental health records.

We note that a party "may, but is not required to, raise an ineffective assistance claim on direct appeal . . . if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal." Iowa Code § 814.7(2) (2013). Billington's counsel concedes the record is not adequate to address his claim on direct appeal and requests the claim be preserved for postconviction relief proceedings. Filing a direct appeal solely to preserve a claim for ineffective assistance of counsel is unnecessary to protect the defendant's right to seek relief. *See* Iowa Code § 814.7 ("The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes."). Filing a direct appeal solely to preserve such a claim merely wastes the parties' resources. We agree the record is inadequate to address Billington's claim; consequently, we preserve the claim for possible postconviction relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (determining a court "must preserve" an ineffective assistance claim if the record is inadequate to address it on direct appeal).

**AFFIRMED.**