# IN THE COURT OF APPEALS OF IOWA

No. 14-0365
Filed February 11, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**FRANKIE RAY O'CONNOR,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

Frankie O'Connor appeals from a judgment and sentence following his plea of guilty to one count of forgery. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Patrick Jennings, County Attorney, and Terry Ganzel, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

Frankie O'Connor appeals following his guilty plea to one count of forgery in violation of Iowa Code 715A.2(2)(a)(1) (2013). Alleging his plea agreement entitled him to credit for time served in Nebraska, O'Connor asserts his trial counsel rendered ineffective assistance in not objecting to the State's alleged breach of the plea agreement when the prosecutor failed to correct the district court in limiting his credit to time served in Iowa only. We affirm O'Connor's conviction and preserve for a possible postconviction-relief proceeding his claim of ineffective assistance of counsel.

### I. Background Facts and Proceedings.

O'Connor was initially charged with two counts of forgery. He entered into a plea agreement wherein he would plead guilty to one count in exchange for the State dismissing the second count. In pertinent part, the written plea agreement provided: "[O'Connor] shall receive credit for days spent in confinement pending disposition of this case, pursuant to Iowa Code section 910A.5." The agreement further provided that should the court reject the terms of the agreement, O'Connor would be allowed to withdraw his plea.

A hearing was held telephonically in January 2014, and at that time, O'Connor was serving a term of incarceration in Nebraska. During the plea colloquy, O'Connor acknowledged he had signed the written plea agreement, and he affirmed he had gone over the agreement with his counsel and had "any questions [he] had about it answered." The prosecutor then summarized the agreement to the court. Relevant to the issue on appeal, the prosecutor stated O'Connor "shall receive credit for days spent in confinement pending disposition

of this case." When asked if that is how he understood the agreement, O'Connor said: "Yes, I do." O'Connor was then twice asked by the court if he had any questions about the agreement, and O'Connor stated he did not. The court accepted the plea, and O'Connor requested he be sentenced at that time.

The court then imposed a sentence "that the parties have agreed to in their plea agreement." O'Connor's term of incarceration in Iowa was to run concurrently with his Nebraska sentence, beginning the day of sentencing, and with regard to credit for time served, the court stated: "However, [O'Connor] will receive credit for any time he may have served in the custody of the State of Iowa pending the disposition of this particular matter as against [him] in the [state]." Again, asked if he had any last-minute questions, O'Connor responded, "No." The court then entered its written judgment and sentence, which provides in pertinent parts: "Pursuant to Iowa Code sections 903A.5, 901.5(9)(c), and 901.8, the above sentence of incarceration will run concurrently with his sentence in [Nebraska], and [O'Connor] shall receive credit herein for all time served in the Nebraska State Penitentiary from this time forward," and, "[p]ursuant to Iowa Code sections 903A.5 and 901.6, [O'Connor] shall be given credit for all time served in connection with this case."

O'Connor now appeals.

### II. Scope and Standards of Review.

"We review claims of ineffective assistance of counsel de novo." *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To prevail, O'Connor must show (1) counsel breached an essential duty and (2) prejudice resulted. *See*

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The claim fails "if either element is lacking." *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). These claims are typically better suited for postconviction-relief proceedings that allow the development of a sufficient record and permit the accused attorney to respond to a defendant's claims. *See State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011). If we determine the claim cannot be addressed on appeal, we "must preserve it for a postconviction-relief proceeding, regardless of [our] view of the potential viability of the claim." *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). We find the record insufficient to review O'Connor's claim in this direct appeal.

### III. Discussion.

O'Connor claims that under the terms of the plea agreement he is entitled to credit for the time he served in Nebraska prior to sentencing in the Iowa case. Although the court ran O'Connor's Iowa sentence concurrent with the sentence he was currently serving in Nebraska, beginning the day of the Iowa sentencing, the court's sentence provided that O'Connor would "receive credit for any time he may have served in the custody of the State of Iowa pending the disposition of this particular matter" and did not give him credit for the time he served in Nebraska prior to sentencing. O'Connor claims the prosecutor failed to correct the court in this respect and his counsel was therefore ineffective in failing to object to the prosecutor's "breach of plea agreement."

The written plea agreement is silent as to whether or not credit for "time served" included O'Connor's time served in Nebraska. The agreement's reference to Iowa Code section 910A.5 is meaningless, as the section is nonexistent in the Iowa Code.[1] The State agrees this paragraph is "somewhat ambiguous," but it suggests the language "pending disposition of *this* case" limits credit for time served in the Iowa case. (Emphasis added.) Further, the State argues had the agreement included time served in Nebraska, it would have referenced section 903A.5(2). That section provides, in part, that "an inmate may receive credit upon the inmate's sentence while incarcerated in an institution or jail of another jurisdiction during any period of time the person is receiving credit upon a sentence of that other jurisdiction." Iowa Code § 903A.5(2). We do note the written judgment and sentence does indeed reference section 903A.5.

With no testimony from O'Connor, his trial counsel, or the prosecutor, we simply do not have enough to decide O'Connor's ineffective-assistance-of-counsel claim. At this point, we can only guess what the parties intended when they entered into the plea agreement. Accordingly, we affirm O'Connor's conviction and preserve his claim for a possible postconviction relief proceeding.

**AFFIRMED.**

---

[1] Chapter 910A, entitled "Victim and Witness Protection," was repealed effective January 1, 1999. *See* 1998 Iowa Acts ch. 1090, § 82. Those provisions are now found in chapter 915, entitled "Victim's Rights," and have nothing to do with credit for time served. *See* 1998 Iowa Acts ch. 1090, § 83; *see also* Iowa Code § 915.1.