# IN THE COURT OF APPEALS OF IOWA

No. 15-0188
Filed October 28, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JULIO CESAR ROMERO ESPINOZA,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Kevin A. Parker, District Associate Judge.


The defendant appeals his convictions on one count of operating while intoxicated, third offense, and two traffic citations, alleging ineffective assistance of counsel.  **AFFIRMED.**


Felicia Bertin Rocha of Felicia Bertin Rocha, L.L.C.,, Urbandale, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John P. Sarcone, County Attorney, and Jordan Roling, Assistant County Attorney, for appellee.


Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Julio Cesar Romero Espinoza appeals following his guilty plea to one count operating while intoxicated, third offense, in violation of Iowa Code section 321J.2(2)(4)(c) (2013), a class "D" felony, and two traffic citations: violation of financial liability, in violation of section 321.20B, and failure to maintain control, in violation of section 321.288. Romero filed a written guilty plea and was sentenced to a term of imprisonment not to exceed five years, fined $3125, and ordered to pay all surcharges and court costs. The district court dismissed one count of driving while barred-habitual offender. Romero alleges his trial counsel rendered ineffective assistance by (1) "bullying" him into pleading guilty when he otherwise would have proceeded to trial; (2) failing to conduct discovery, including depositions of the State's witnesses; (3) failing to review video evidence taken from responding police vehicles in its entirety; and (4) failing to reasonably represent Romero by not spending more than two and one-half hours on his case from the time of his initial appearance until the notice of appeal was filed.

An ineffective-assistance-of-counsel claim may be raised and decided on direct appeal when the record is adequate to address the claim. Iowa Code § 814.7(2), .7(3). Normally an ineffective-assistance claim is preserved for possible postconviction-relief proceedings where a more thorough record can be developed and where counsel is given an opportunity to explain his or her conduct. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). In this case, Romero stated he understood his guilty plea and he entered it voluntarily. The record before us does not reveal whether trial counsel sufficiently reviewed the

video evidence provided by the State or whether competent counsel would have conducted additional discovery before allowing Romero to plead guilty. Further, the record does not indicate whether trial counsel reasonably represented Romero in his defense or whether further actions taken by his trial counsel would have led Romero to proceed to trial.

Because the record is inadequate to address Romero's claim on direct appeal, it is preserved for possible future postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (holding that if a claim of ineffective assistance of counsel cannot be addressed on appeal because of an inadequate record, the court must preserve it for postconviction-relief proceedings even if it is raised in a general or conclusory manner).

**AFFIRMED.**