# IN THE COURT OF APPEALS OF IOWA

No. 15-0648
Filed May 11, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALSTON RAY CAMPBELL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Alston Campbell appeals his conviction, judgment, and sentence for operating while intoxicated, second offense.  **AFFIRMED.**

Don L. Williams, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A jury found Alston Campbell guilty of operating while intoxicated, second offense. He has appealed his judgment and sentence, alleging his successive trial counsel were ineffective in failing: (1) to adequately investigate the availability and content of surveillance videos from the convenience store where he was seen shortly before his arrest, (2) to interview the convenience store clerk, (3) to obtain video of the procedure of, and conversation with, law enforcement at the Polk County Jail, (4) to have witness depositions reported, (5) to request a continuance of trial when substitute counsel was appointed only eight days before trial, and (6) to keep him adequately informed and advised of trial preparation and strategy.

We agree with the State that the record is inadequate to address any of those claims. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) (noting we generally preserve ineffective-assistance-of-counsel claims for possible postconviction-relief proceedings in which a more thorough record can be developed and trial counsel is given an opportunity to explain his or her conduct). Accordingly, we affirm the judgment and sentence and preserve all claims for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (holding that if a claim of ineffective assistance of counsel cannot be addressed on appeal because of an inadequate record, the court must preserve it for postconviction-relief proceedings).

**AFFIRMED.**