# IN THE COURT OF APPEALS OF IOWA

No. 15-1924
Filed November 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JACOB EDWARD PAUTSCH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

Defendant appeals his conviction for domestic abuse assault causing bodily injury. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Following a guilty plea, Jacob Pautsch was convicted of domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(2)(b) (2013). On appeal, Pautsch contends his counsel provided constitutionally deficient representation in failing to advise him of possible defenses to the charge, including the defenses of diminished responsibility and intoxication, and in failing to file a notice of defenses. The record is inadequate to resolve Pautsch's claim on direct appeal. We affirm his conviction and preserve his claims of ineffective assistance of counsel for postconviction-relief proceedings. *See* Iowa Code § 814.7(3) (2015) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822."); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (determining a court "must preserve" an ineffective assistance claim if the record is inadequate to address it on direct appeal).

**AFFIRMED.**