# IN THE COURT OF APPEALS OF IOWA

No. 16-0901
Filed March 22, 2017

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**CHAD JOSEPH MOELLER,**
       Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith (guilty plea) and Paul L. Macek (sentencing), Judges.

A defendant appeals the judgment entered upon his guilty plea to possession of heroin with intent to deliver. **AFFIRMED.**

Courtney T. Wilson of Gomez May L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Chad Moeller appeals the judgment entered on his guilty plea to possession of heroin with intent to deliver, in violation of Iowa Code section 123.401(1)(c) (2016). Moeller alleges a denial of counsel in violation of the Sixth Amendment. Because our record is insufficient to resolve Moeller's claim, we affirm his conviction but preserve the denial-of-counsel issue for postconviction-relief proceedings.

On January 27, 2016, Davenport police officers arrested Moeller after discovering heroin, methamphetamine, and marijuana on his person and in his vehicle. At his initial appearance the next day, the district court appointed counsel for Moeller. About three weeks later, on February 17, Moeller filed a pro se motion for new counsel, alleging a "breakdown in the attorney-client relationship in that [the attorney] refuses to respond in any form of communication with the Defendant through mail, phone or in person." Moeller specified that his attorney had "neglected to follow through on legal issues," including "but not limited to motions for bond reduction and discovery requests." Moeller alleged this failure prevented his counsel from effectively representing him and that continued representation "would violate the Iowa Rules of Professional Conduct." Hours later, the State filed a trial information charging Moeller with possession with intent to deliver heroin, methamphetamine, and marijuana.

The next day, February 18, Moeller, through counsel, filed a motion for bond reduction, a written arraignment, and a plea of not guilty. Moeller also filed a pro se "motion to produce." The district court denied Moeller's motion for new

counsel the following day, finding Moeller's "court-appointed counsel shall confer with him and determine whether this motion should be set for hearing. Defendant's Motion for New Counsel is denied until and unless Defendant's counsel has it set for hearing." Reasoning Moeller was "represented by court-appointed counsel and should work through him," the court denied Moeller's motion to produce in an order filed shortly thereafter.

Neither Moeller nor his attorney requested the motion for new counsel be scheduled for a hearing, and on March 15, 2016, Moeller entered into a plea agreement with the State, pleading guilty to possession of heroin with intent to deliver in exchange for the dismissal of the other possession charges.[1] At the plea hearing, the district court did not question Moeller about his previous motion for new counsel but did ask generally whether Moeller was "satisfied with the advice and counsel" his attorney had provided him. Moeller responded in the affirmative.

The court accepted Moeller's guilty plea and sentenced him to a period of incarceration not to exceed ten years. Moeller now appeals his conviction.

Because the district court's failure to inquire into Moeller's request for new counsel implicates the Sixth Amendment, our review is de novo. *See State v. Tejeda*, 677 N.W.2d 744, 749 (Iowa 2004). Moeller contends he was denied the effective assistance of counsel in the underlying proceedings.[2] To prove this

---

[1] Moeller also pled guilty to an unrelated charge of willful injury resulting in bodily injury, in violation of Iowa Code section 708.4, as a part of the plea agreement. The State agreed the sentences would run concurrently.

[2] We recognize Moeller's final appellant's brief frames the question only as ineffective assistance of counsel for not requesting a hearing on the motion to substitute counsel after the court's February 19 order. But the final appellee's brief filed by the State also

claim, he must demonstrate both that his trial counsel failed to perform an essential duty and that his counsel's failure resulted in prejudice. *See id.* at 754. We generally preserve ineffective-assistance claims for postconviction proceedings because preservation "allows the defendant to make a complete record of the claim, allows trial counsel an opportunity to explain his or her actions, and allows the trial court to rule on the claim." *See State v. Shanahan*, 712 N.W.2d 121, 136 (Iowa 2006). We do so regardless of our estimation of the claim's "potential viability." *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *see also State v. Roby*, No. 16-0191, 2016 WL 4384979, at *2 (Iowa Ct. App. Aug. 17, 2016) (preserving for postconviction relief and noting "we may not rule on the merits of a claim without an adequate record or penalize [defendant] for inadequate briefing of the claim on direct appeal"). Only if we find additional development of the record is unnecessary to decide the claim will we address it on direct appeal. *See Shanahan*, 712 N.W.2d at 136.

We find the current record is inadequate to resolve Moeller's claim. In *Tejeda*, 677 N.W.2d at 751, our supreme court affirmed that district courts have a duty of inquiry once a defendant requests new counsel due to an alleged communication breakdown. The court acknowledged not all grievances raised

---

addresses the district court's conditional denial of Moeller's pro se motion outside the context of ineffective assistance. As the State points out in a petition for rehearing, Moeller's final brief differs from his proof brief. Moeller's amended proof brief added the issue of the district court's failure to address his request for substitute counsel, arguing that under *Tejeda*, the district court "received a colorable complaint" and should have inquired into the alleged breakdown in communication between the attorney and Moeller. *See* 677 N.W.2d at 751–52. But Moeller's final brief appears inadvertently to have been prepared from the original proof brief rather than the amended proof brief and omits that issue. Iowa Rule of Appellate Procedure 6.904(4)(b) prohibits parties from making any substantive changes from the proof brief as originally served. Accordingly, we opt to address the claim under *Tejeda* as originally argued in Moeller's amended proof brief.

by a defendant require a hearing, but if a defendant makes a "colorable complaint"—alleging "a severe and pervasive conflict" or "such minimal contact . . . that meaningful communication was not possible"—the court's duty to inquire is activated. *Tejeda*, 677 N.W.2d at 752 (citation omitted). We conclude Moeller's pro se motion for new counsel, which alleged a complete lack of communication with his attorney and lodged specific complaints about his counsel's performance, presented a colorable complaint and triggered the district court's duty of inquiry. *See State v. Lowe*, No. 15-0402, 2016 WL 902888, at *1, *4 (Iowa Ct. App. Mar. 9, 2016) (finding defendant's motion alleging his attorney failed to communicate with him or "build a defense" for his trial sufficient to trigger the court's duty of inquiry). As in *Tejeda*, the district court failed to inquire into the matter, instead shifting its duty to Moeller's attorney. *See* 677 N.W.2d at 751. Because the court made no inquiry, we cannot determine whether Moeller's alleged difficulties with his attorney rose to the level of a complete breakdown in communications denying him the right to counsel.[3] We preserve Moeller's claim for a potential postconviction-relief proceeding in which a record can be developed to determine if he was denied his Sixth Amendment right to counsel.

**AFFIRMED.**

---

[3] We disagree with the State's contentions that the district court properly allowed Moeller and his attorney to "work things out rather than prolonging the process by appointing substitute counsel" and that we can assume Moeller's complaints were resolved because he confirmed during the plea colloquy he was satisfied with the advice of his attorney. At no point did the district court ask about the allegations in Moeller's motion for new counsel. And we are not convinced Moeller's general affirmation he was satisfied with the advice of his counsel at the plea hearing eliminated the need to assure that any breakdown in the relationship with counsel did not render the plea unknowing or involuntary. *See Lowe*, 2016 WL 902888, at *2, *4 (preserving claim even after defendant "agreed he had a 'full and fair opportunity' to meet with his attorney and discuss his case and any possible defense" and indicated he was satisfied with his attorney's services at the plea hearing).

Doyle, J., concurs; Potterfield, P.J., partially dissents.

**POTTERFIELD, Presiding Judge.** (concurring in part and dissenting in part)

I dissent in part. The appellant argues on appeal that counsel was ineffective for failing to request a hearing on his motion for substitute counsel. Moeller does not contend the court's response to his request was inadequate, and the majority's opinion that the court erred addresses an issue not raised. The majority's decision following the petition for rehearing to rely on appellant's poof brief instead of the final brief is just another overreach to decide an issue not raised.

Even if Moeller raised the issue, I would find that the court's act of directing counsel to inquire of her client regarding a request for new counsel is sufficient inquiry under *State v. Tejeda* on this record. 677 N.W.2d 744, 751–52 (Iowa 2004). A hearing on a defendant's request puts the client's privilege of confidentiality or a revealing of potential defense strategy at risk. The court can only safely proceed by asking leading questions of the defendant. Assigning counsel to this role can be an effective first step. I note that almost immediately following the defendant's request, a trial information was approved, a motion to produce was filed, and a plea agreement was reached.

The majority discounts the defendant's affirmative response to the inquiry at the time of the plea concerning satisfaction with representation. Under our case law, a defendant's assertions at the time of plea are considered to be significant when evaluating the plea procedures. I see no reason why a defendant's answer that he is satisfied with counsel should not also be credited. Counsel stated on the record at the plea proceeding that he and Moeller "have spoken about this at great length," with no contradiction from Moeller. The

majority's decision to preserve the issue for potential postconviction relief is overkill. Moeller had opportunities to complain about his counsel but did not do so. I agree with the State that he cannot prove prejudice.