# IN THE COURT OF APPEALS OF IOWA

No. 16-0941
Filed April 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAWN DENISE DUNN-GRIDLEY,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Van Buren County, Randy S. DeGeest, Judge.

        Dawn Dunn-Gridley appeals from her conviction after a jury trial for three counts of prohibited acts. **AFFIRMED.**

        Monte M. McCoy of McCoy Legal Services, Centerville, for appellant.

        Thomas J. Miller, Attorney General, and Richard J. Bennett, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Dawn Dunn-Gridley appeals from her conviction after a jury trial for three counts of prohibited acts, class "C" felonies, in violation of Iowa Code sections 124.401(1)(c)(8), 155A.23, and .24 (2014). Dunn-Gridley asserts there is insufficient evidence to support her convictions.[1] Because we find Dunn-Gridley's convictions are supported by substantial evidence, we affirm.

Dunn-Gridley was charged with three counts of prohibited acts for obtaining a prescription drug—Percocet—under the name of her husband, Donald Gridley (Donald), on three occasions (in October, November, and December 2014) while Donald was incarcerated. After a jury trial held March 29-30, 2016, Dunn-Gridely was found guilty on all three counts. She now appeals.

We review claims of insufficient evidence for correction of errors at law. *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005).

> We uphold a verdict if substantial evidence supports it. "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." Substantial evidence must do more than raise suspicion or speculation. We consider all record evidence not just the evidence supporting guilt when we make sufficiency-of-the-evidence determinations. However, in making such determinations, we also view the "evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence."

*State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005) (internal citations omitted).

---

[1] Dunn-Gridley also raises a non-specific ineffective-assistance-of-counsel claim and asks that her ineffective-assistance claims be preserved for postconviction relief. We note "defendants are no longer required to raise ineffective-assistance claims on direct appeal . . . to preserve the claim for postconviction relief." *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Thus, we need not preserve any potential ineffective-assistance claims for possible postconviction-relief proceedings.

To prove Dunn-Gridley committed the crime of prohibited acts, the State was required to show that she "[o]btain[ed] or attempt[ed] to obtain a prescription drug" by "[e]ngaging in fraud, deceit, misrepresentation, or subterfuge," or by "[c]oncealing a material fact." Iowa Code § 155A.23(1)(a)(1), (3).

Dunn-Gridley admits she obtained the prescription drugs under Donald's name on the three occasions in question. However, Dunn-Gridley contends there is insufficient evidence to show she engaged in fraud, deceit, misrepresentation, or subterfuge, or that she concealed a material fact.

William Cline, the registered nurse who assisted Dunn-Gridley in obtaining the prescriptions, testified it is not unlawful for a spouse to pick up a prescription for their spouse as long as it is delivered to the correct person and the correct person fills the prescription. However, Cline stated he would never have authorized the prescription to leave the hospital if he had known Donald was incarcerated and unable to receive it. Larry Thomas, the owner of the pharmacy, similarly testified he would have refused to fill the prescription if he had known Donald was incarcerated. In January 2015, medical professionals were first informed by Donald's daughter that Donald was incarcerated.

Dunn-Gridley asserted at trial she was merely obtaining the Percocet in anticipation of the success of a pending appeal and Donald's release from prison. Dunn-Gridley testified she was concerned that Donald would lose his disability benefits as a result of his conviction, and she obtained and kept the Percocet to ensure it was available to Donald upon his release. But Donald was incarcerated in prison, and his tentative release date was December 21, 2025.

Dunn-Gridley also testified the pills were in a safe in Donald's mother's house. However, Donald's mother testified Dunn-Gridley did not bring any medication to her home to keep for Donald. In fact, Donald's mother testified she does not even have a safe in her home.

We conclude there is substantial evidence in the record to establish Dunn-Gridley obtained the prescription medication by fraud, deceit, misrepresentation, or subterfuge, or by concealing a material fact. Dunn-Gridley testified she did not think to tell medical professionals Donald was incarcerated. Certainly Donald's incarceration and inability to receive any prescription medication procured in his name was a material fact that would have prevented Dunn-Gridley from obtaining and filling the prescriptions. Although she stated she kept the medication to give to Donald, Dunn-Gridley did not provide a credible explanation as to where the medication was located at the time of trial. The jury was permitted to assess and appropriately weigh the credibility of Dunn-Gridley's explanation as to why she obtained the prescription medication. *See State v. Dudley*, 856 N.W.2d 668, 676 (Iowa 2014) ("Our system of justice vests the jury with the function of evaluating a witness's credibility."). Based on the evidence, the jury could find that by failing to inform the medical professionals of Donald's incarceration Dunn-Gridley obtained the prescription medication by engaging in fraud, deceit, misrepresentation, or subterfuge, or by concealing a material fact.

We therefore conclude there is substantial evidence supporting Dunn-Gridley's convictions, and affirm.

**AFFIRMED.**