# IN THE COURT OF APPEALS OF IOWA

No. 16-1436
Filed June 7, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JASON ANDREW TOBECK,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Randy S. DeGeest, Judge.

The defendant appeals his convictions and sentences for intent to deliver a controlled substance (methamphetamine) and possession of a controlled substance (hydromorphone). **AFFIRMED.**

Julie R. De Vries of De Vries Law Office, P.L.C., Centerville, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Jason Tobeck was originally charged with seven crimes. He reached a plea agreement with the State, whereby five of the charges were dismissed and the State agreed not to pursue the habitual-offender enhancement on the remaining two charges. In exchange, Tobeck agreed to enter guilty pleas to the remaining charges, possession with intent to deliver (methamphetamine) and possession of a controlled substance (hydromorphone), and serve consecutively a term of incarceration not to exceed ten years on the first count and a term of incarceration not to exceed five years on the second.

Insofar as we understand Tobeck's claim on appeal, Tobeck maintains he received ineffective assistance from trial counsel because counsel did not explain the difference between the terms "consecutive" and "concurrent." Tobeck does not take the logical next step and argue his plea was involuntary because he did not understand the terms of the plea agreement. Additionally, Tobeck does not claim he would not have taken the plea agreement and would have insisted on going to trial if he had understood the difference between the terms. In such cases, we typically preserve a defendant's claims for possible postconviction-relief proceedings. *See, e.g.*, *State v. Roby*, No. 16-0191, 2016 WL 4384979, at *2 (Iowa Ct. App. Aug. 17, 2016) ("[W]e may not rule on the merits of a claim without an adequate record or penalize [the defendant] for inadequate briefing of the claim on direct appeal." (citing *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010))). But here, the record belies Tobeck's claimed confusion.

At the guilty-plea hearing, trial counsel explained the plea agreement to the court, stating:

Your Honor, my client comes before the Court to enter a plea of guilty to Count I and Count II . . . without the habitual offender enhancement pursuant to a plea agreement in which, in return for these pleas, he agrees to serve a consecutive—serve a sentence of imprisonment of ten years on Count I and five years on Count II, run consecutively, minimum fine on each.

Then, before Tobeck entered his guilty pleas, the following colloquy took place between Tobeck and the court:

COURT: If at any time you do not understand something I talked about, just interrupt me and tell me to stop, and you are free to talk with [defense counsel] about anything you need to. Also, if at any time you decide you do not want to continue with your plea, tell me to stop, and we'll stop. Do you understand?

TOBECK: Yes, sir.

. . . .

COURT: The plea negotiations, your attorney ran through them. Let's make sure that you understand what they are. If you plead guilty to Counts I and II, then Counts III and IV will be dismissed, and then these other three charges are going to also be dismissed. Separate Trial Informations. Do you understand that?

TOBECK: Yes.

COURT: What do you understand your sentence is going to be?

TOBECK: A Class C felony for Possession with Intent to Delivery Less than 5 Grams of Methamphetamine, and a Class D Felony for Possession of a Controlled Substance outside an institution—excuse me, controlled substance, possession of a controlled substance.

COURT: You understand the first count is a ten-year offense?

TOBECK: Yes.

COURT: The second count is a five-year offense?

TOBECK: Yes.

COURT: If I understood your attorney right, the plea agreement is for those to run consecutive. *In other words, first do the ten-year sentence and then do the five-year.* Is that your understanding?

TOBECK: Yes, sir.

(Emphasis added.)

Even if counsel failed to explain the difference between consecutive and concurrent sentences to Tobeck, the court did so. Moreover, after the court

explained what it means to serve sentences consecutively, Tobeck indicated that he understood. After the exchange occurred, Tobeck indicated he wanted to—and ultimately did—enter guilty pleas to the two crimes.

Based on the record before us, there is no merit to Tobeck's claim of ineffective assistance. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("[I]t is for the court to determine whether the record is adequate, and, if so, to resolve the claim."). Thus, his claim fails, and we affirm his convictions and sentences.

**AFFIRMED.**