# IN THE COURT OF APPEALS OF IOWA

No. 17-0932
Filed April 18, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DOMINIC DEVON EADY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Henry County, John M. Wright, Judge.

A defendant appeals his convictions for second-degree burglary and first-degree theft. **AFFIRMED.**

Jeffrey L. Powell of Powell and McCullough, P.L.C., Coralville, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Life can turn on a dime. On Thanksgiving Day 2016, Barb Stukerjurgen expected Dominic Eady, her boyfriend and former coworker, to join her family for dinner. Instead he disappeared. Their employer, Innovaire, discovered someone swiped Stukerjurgen's badge to enter the closed factory over the holiday shutdown. Eady lived with Stukerjurgen and had access to her badge. Innovaire's security footage showed a masked intruder loading fifty-pound coin bags onto pallets with a hand jack and power lifts—skills Eady touted on his resume. The intruder left with $40,000 in dimes—weighing a total of 2000 pounds. Innovaire operates as a non-profit mailer, and the dimes were for a job the company was preparing for the March of Dimes, a major customer. In early December 2016, Eady piqued the interest of an off-duty deputy by dumping a backpack full of "shiny" dimes into a Coinstar machine at a Florida Walmart.

Based on these facts, a Henry County jury found Eady guilty of burglary in the second degree and theft in the first degree. Eady appeals his convictions, alleging his trial counsel did not provide effective assistance because counsel failed to depose the State's witnesses or have voir dire reported. Because ineffective-assistance claims are grounded in the Sixth Amendment of the U.S. Constitution and article I, section 9 of the Iowa Constitution, we review them de novo. *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017).

To succeed on his claims, Eady must prove trial counsel's performance fell below what is expected of a reasonably competent defense attorney, and the omissions resulted in prejudice to his case. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). It is often our practice to preserve claims against counsel

for possible postconviction relief proceedings. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Preservation is the preferred resolution where the defendant is challenging decisions by counsel that implicate trial tactics and may be best explained in a fully developed record. *Id.* "We will resolve the claims on direct appeal only when the record is adequate." *Id.* (citing *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999)).

Defendants are not required to raise ineffective-assistance claims on direct appeal, and "when they choose to do so, they are not required to make any particular record in order to preserve the claim for postconviction relief." *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Eady asks us to preserve his claims for a postconviction-relief action. The State agrees the record is insufficient to determine if Eady received competent representation. Accordingly, we affirm Eady's convictions and preserve his claims of ineffective assistance for determination by a postconviction-relief court.

**AFFIRMED.**