# IN THE COURT OF APPEALS OF IOWA

No. 17-1318
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EDUARDO CANO,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple (motion for revocation of deferred judgment) and Bradley J. Harris (guilty plea), Judges.

Eduardo Cano appeals after pleading guilty to assault with intent to commit serious injury.  **AFFIRMED.**

Rockne O. Cole of Cole Law Firm, P.C., Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Eduardo Cano appeals after pleading guilty to assault with intent to commit serious injury, asserting a claim of ineffective assistance for counsel's failure to advise him of certain immigration consequences of his plea. Upon our review, we affirm his conviction, judgment, and sentence, and we preserve his claim for possible postconviction-relief proceedings to allow the record to be developed.

*I. Background Facts and Proceedings.*

In February 2016, the State filed a criminal complaint alleging Eduardo Cano willfully caused bodily injury to another, in violation of Iowa Code section 708.4(2) (2016), a class "D" felony. Cano was appointed counsel.

In April 2017, Cano entered a written guilty plea to the lesser-included offense of assault with intent to inflict serious injury, in violation of section 708.2(1), an aggravated misdemeanor. Among other things, the guilty plea form, signed by Cano and his attorney, stated, "I understand that my conviction for the crime or crimes in this guilty plea may result in adverse immigration consequences, including deportation, if I am not a citizen of the United States." Cano also waived his rights to be present in court for the entry of his guilty plea and for his sentencing. The court accepted his plea, and the judgment was deferred. A month later, an appearance by privately-retained counsel was filed on Cano's behalf. At the same time, Cano filed an application for interlocutory review of the grant of his deferred judgment. His application stated: "What would ordinarily be a fantastic result for a US Citizen, has resulted in drastic adverse immigration consequences for [Cano]. He now sits in detention and faces the loss of his Deferred Action for Childhood Arrivals due to the deferred judgment that was granted . . . ." He also filed a motion

in district court to withdraw consent on request for a deferred judgment. The Iowa Supreme Court denied his request for interlocutory appeal and directed the district court "to hold a hearing and enter a ruling on [Cano's] pending motion to withdraw his consent to the deferred judgment."

Thereafter, the district court set a hearing on Cano's motion. Cano then filed a motion in arrest of judgment. Later, he filed a "Defendant's Consent to Revocation of Probation" wherein he consented to having his deferred judgment revoked. In a motion to reset the hearing, Cano stated the parties had agreed that his probation should be revoked. At the hearing, the court heard all pending motions. There, Cano's current counsel conceded the motion in arrest of judgment was untimely filed and explained:

> The only way to excuse that is ineffective assistance of prior counsel. I think given that the time frame that we're under at this point, our preference would be that we make an offer of proof on the issue of the prior ineffective assistance of counsel, and that if the court is able to either grant or reject it, . . . I guess we'd request a ruling.

As part of his offer of proof, Cano testified his prior counsel had not discussed specific immigration consequences with him prior to his entry of the written guilty plea, including that his deferred judgment could be considered a conviction and that the offense to which he pled guilty was classified as a crime involving moral turpitude. Cano testified he would not have pled guilty if his counsel had advised him of these and other specific consequences, "[b]ecause I've got my family here, all my family's here, and I got no family in Mexico so I want to stay with my family. So I would not take that risk of being detained and facing deportation."

On cross-examination, Cano testified he told his prior counsel he was not a citizen of the United States, and he maintained that was the only conversation he

had with his prior counsel about immigration. Cano testified he did not read the written guilty plea form, "because I had asked [prior counsel] if I was going to have any problems in the future and he told me no, you're not. So I trust on him and I put my signature on it."

Cano waived attorney-client privilege with his prior counsel, and prior counsel testified at the hearing. Prior counsel testified he had multiple conversations with Cano about immigration, and he told Cano "[a]ny conviction can adversely affect his immigration status" and Cano "could be subject to deportation." Specifically, prior counsel "encouraged [Cano] to confer with an attorney that specializes in immigration" and testified he himself had conferred with Cano's immigration attorney by phone.[1] However, prior counsel was not asked at the hearing—nor did he volunteer—any specific details about his conversations with the immigration attorney. Prior counsel testified he "never had an opportunity" to explain to Cano the concept of a motion in arrest of judgment, and he admitted he had not specifically advised Cano the offense underlying the deferred judgment could be classified as a felony or as a crime involving moral turpitude, among other things. Following the hearing, the district court accepted Cano's consent to the revocation of his deferred judgment. Cano requested immediate sentencing. The court revoked Cano's deferred judgment and probation, entered judgment, and imposed a sentence.

---

[1] Prior counsel testified he assumed the phone call was lined up by Cano, explaining, "I don't know why anyone would just call me out of the blue wanting to discuss this specific case." We cannot discern from the record whether or not Cano had any direct communications with immigration counsel.

### II. Discussion.

Cano now appeals,[2] arguing his prior counsel rendered ineffective assistance when he failed to give specifics as to possible immigration consequences of his guilty plea, citing the seminal cases *Padilla v. Kentucky*, 559 U.S. 356, 357 (2010), and *Morales Diaz v. State*, 896 N.W.2d 723, 728 (Iowa 2017). In order to establish ineffective assistance of counsel, Cano must show by a preponderance of the evidence that his trial counsel failed to perform an essential duty and that failure prejudiced him. *See Morales Diaz*, 896 N.W.2d at 727. Our review is de novo. *See id.*

Generally, we preserve claims of ineffective assistance of counsel for postconviction-relief proceedings to allow the record to be developed on various issues. *See State v. Gomez Garcia*, 904 N.W.2d 172, 186 (Iowa 2017); *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017). However, we may resolve the claim on direct appeal if the record before us is adequate. *Virgil*, 895 N.W.2d at 879. Cano maintains the record is adequate here to address his ineffective-assistance-of-counsel claim because "the record, as it stands now, is that Mr. Cano has identified several concrete and readily ascertainable adverse consequences arising from this conviction. His [prior] lawyer confirmed that he conveyed none of those consequences to Mr. Cano. That establishes deficient performance. QED." He also maintains his testimony that he would not have pled guilty establishes that he was prejudiced by the alleged breach. We disagree.

---

[2] We note that the parts of the record appearing in the parties' appendix are in reverse chronological order. Iowa Rule of Appellate Procedure 6.905(6) requires "other parts of the record of proceedings relevant to the issues raised in the appeal shall be . . . in the chronological order in which the proceedings occurred."

To be sure, *Morales Diaz* mandates that defense counsel inform their client "of the direct, severe, and certain immigration consequences of pleading guilty." 896 N.W.2d at 732. Nevertheless, we conclude the minimal record in this case leaves unknown the question of whether Cano's prior counsel breached his duty under *Morales Diaz*, particularly in light of Cano's inconsistent testimony of what advice his prior attorney actually gave, his signature on the guilty plea form stating he was advised of the relevant consequences by his counsel, and his and his prior attorney's conversations with an immigration attorney about the relevant consequences. Prior counsel's testimony on this limited record certainly suggests Cano had been advised of those consequences, even if prior counsel was not the one who specifically related the information to Cano. We find the record insufficient to make any determination whether prior counsel breached his duty.

### III. Conclusion.

When the record is inadequate to resolve an ineffective-assistance-of-counsel claim, we must preserve it for postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Accordingly, we affirm Cano's conviction, judgment, and sentence, and we preserve his ineffective-assistance-of-counsel claim for possible postconviction-relief proceedings to allow the record to be developed.

**AFFIRMED.**