# IN THE COURT OF APPEALS OF IOWA

No. 18-0957
Filed November 27, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMY ELTON BATISTE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol L. Coppola, District Associate Judge.


        Jeremy Batiste appeals the judgment and sentence entered after he pleaded guilty to driving while barred as a habitual offender.  **AFFIRMED.**


        Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Jeremy Batiste appeals the judgment and sentence entered after he pleaded guilty to driving while barred as a habitual offender in violation of Iowa Code section 321.561 (2017).[1] We affirm.

On appeal, Batiste concedes the written stipulation and guilty plea he signed "appear to be understandable and an adequate reflection of [his] understanding," but asserts, "[a]n argument can be made that [he] did not understand the stipulation he was signing or its effect, or entered into a guilty plea without fully understanding its effect." He makes no such argument here. Nor does he explain what he did not understand. Instead, he intimates a "spectre" of ineffective assistance of counsel.[2] Batiste claims his counsel was ineffective in assisting him with the stipulation and guilty plea and in failing to advise him on the right of a motion in arrest of judgment.[3] But Batiste concludes, "the record is insufficient here to demonstrate that trial counsel was ineffective in not assisting [him] in understanding the consequences of entering into a stipulation or filing a

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019), limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke,* 933 N.W.2d 226, 235 (Iowa 2019).

[2] Our supreme court decided recent amendments to Iowa Code section 814.7 prohibiting consideration of ineffective-assistance-of counsel claims on direct appeal apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See Macke,* 933 N.W.2d at 235.

[3] Batiste failed to challenge his plea by moving in arrest of judgment. Ordinarily, this failure precludes a defendant from challenging the plea on direct appeal. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). But claims under the ineffective-assistance-of-counsel rubric are an exception to the error-preservation rule. *See Nguyen v. State,* 878 N.W.2d 744, 750 (Iowa 2016).

motion in arrest of judgment to take back a plea that could be deemed unknowing or involuntary." He requests us to preserve his right to obtain postconviction relief "[i]f this court believes the record is insufficient for a finding of ineffectiveness." *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (court may resolve claim on appeal if the record is adequate but if the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim). The State argues the record is sufficient to resolve Batise's claims.

We find the record and Batitse's argument too undeveloped to resolve his claims. So we preserve them for postconviction relief. *See State v. McNeal*, 867 N.W.2d 91, 105 (Iowa 2015).

**AFFIRMED.**