# IN THE COURT OF APPEALS OF IOWA

No. 15-2173
Filed May 3, 2017

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**THEODORE RAY BASCOM,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Linn County, Thomas L. Koehler, Judge.


       Theodore Bascom appeals his conviction and sentence entered following his guilty plea to operating a motor vehicle while intoxicated, third offense. **AFFIRMED.**


       Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, for appellant.

       Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


       Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Theodore Bascom was charged with operating a motor vehicle while intoxicated (OWI), third offense, and as a habitual offender. Pursuant to a plea agreement, he pled guilty to the third-offense OWI and the habitual offender sentencing enhancement was dismissed. In addition to other ordered provisions, the district court ordered Bascom to pay a fine of $3125, "plus the appropriate surcharge." Bascom appeals, arguing that at the time he pled guilty, he was not informed of the applicable surcharges or that a conviction may affect his status under federal immigration laws.

Bascom admits that during his plea hearing he was adequately informed of his right to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.8(2)(d). Bascom did not file a motion in arrest of judgment. Therefore, he has waived his right to challenge the adequacy of the plea proceedings in this direct appeal. *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006).

Bascom alternatively argues his counsel was ineffective in failing to alert the district court of the errors in the plea hearing and in failing to file a motion in arrest of judgment to set aside the guilty plea based on the alleged errors. The State argues Bascom failed to demonstrate in his brief he would not have pled guilty had he been adequately informed and thus cannot satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Straw*, 709 N.W.2d at 138 ("[I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial."). In his reply brief, Bascom asserts "[i]n this appeal he is restricted to the record

made in the district court" and any claim of prejudice in an appeal brief "would be dismissed by the State as a self-serving post hoc statement."

The State's reliance on *Straw* is misplaced.[1] *Straw* was not a case in which the defendant had an opportunity to make a record concerning prejudice, as might have been done if he had filed a motion in arrest of judgment or filed an application for postconviction relief. Thus our supreme court concluded: "This case exemplifies why claims of ineffective assistance of counsel should normally be raised through an application for postconviction relief. In only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction relief hearing." *Straw*, 709 N.W.2d at 138. We find the same conclusion applies to Bascom's claims.

Accordingly, pursuant to Iowa Court Rule 21.26(1)(a), we affirm the conviction and sentence of the district court and preserve for postconviction-relief proceedings Bascom's claims of ineffective assistance of counsel arising out of the guilty plea proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *see also State v. Delacy*, No. 16-0827, slip op. at 9 (Iowa Ct. App. May 3, 2017) (en banc) ("In cases such as this, where a defendant claims counsel was ineffective in failing to ensure he was properly informed of the consequences of his guilty plea, we determine a defendant should be given the opportunity to develop a record in postconviction-relief proceedings to support his ineffective-assistance claim.").

**AFFIRMED.**

---

[1] The State also relies on *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *Hill* is a habeas corpus case in which the applicant commenced his action without alleging prejudice. *See id.* at 60. In the present case, Bascom has not yet had an opportunity to either allege or prove prejudice at the trial level in order to make a record for review by an appellate court.