# IN THE COURT OF APPEALS OF IOWA

No. 15-1393
Filed June 7, 2017

**ALAN DUANE BEARD,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, James C. Ellefson,
Judge.

Alan Duane Beard appeals the district court's denial of his postconviction-
relief application.  **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant
Attorney General, for appellee.

Considered by Mullins, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MULLINS, Presiding Judge.**

Alan Duane Beard appeals the district court's denial of his postconviction-relief (PCR) application, claiming the district court improperly denied his claims and failed to consider some of his pro se claims. We affirm.

## I. Background Facts and Proceedings

On November 19, 2013, Beard pled guilty to eluding and operating a motor vehicle while intoxicated (OWI). On the eluding charge, Beard was sentenced to an indeterminate term not to exceed five years and a fine and surcharge. The court suspended the sentence of incarceration, the fine, and the surcharge and placed Beard on probation for two to five years. On the OWI charge, the court sentenced Beard to one year in jail, with all but two days suspended, and ordered him to pay a fine and surcharges. Beard was placed on probation for one year on the OWI charge. The sentences were ordered to run concurrent to one another. On October 14, 2014, Beard's probation was revoked, and he was incarcerated. Beard filed his first PCR application in November 2014. Following numerous amendments and a hearing on Beard's filings, the district court denied Beard's application.

## II. Standard and Scope of Review

"The standard of review on appeal from the denial of postconviction relief is for errors at law." *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010) (citation omitted). "However, '[w]hen there is an alleged denial of constitutional rights, . . . we make our own evaluation of the totality of the circumstances in a de novo review.'" *Id.* (alteration in original) (citation omitted).

### III.    Analysis

### A.    Competency

On appeal, Beard first claims his "[t]rial [c]ounsel was ineffective for allowing [him] to enter [a guilty] plea without properly informing himself of [the] facts that would have shown [Beard] was not competent." Beard claims he has an intelligence quotient of no more than 70; has attention deficit hyperactivity disorder, bipolar disorder, and a learning disability; and had received mental-health services in the eight years preceding his incarceration. He claims he had been taking prescribed psychotropic medication at the time of his arrest but was not given the medication during the thirty days he remained in custody leading up to his guilty plea. Beard concludes his counsel should have had his competency evaluated.

"We presume a defendant is competent to stand trial." *State v. Johnson*, 784 N.W.2d 192, 194 (Iowa 2010) (citation omitted). "The defendant has the burden of proving his or her incompetency to stand trial by a preponderance of the evidence." *Id.* (citation omitted). "If the evidence is in equipoise, the presumption of competency prevails." *Id.* (citation omitted). We must consider whether the defendant "appreciate[s] the charge, understand[s] the proceedings, [and can] assist[] effectively in [his] defense." *Id.* (citations omitted).

In its opinion, the district court reasoned:

> There is nothing in the record of this case or in this court's own experience that would allow this court to find that any of [Beard's] disorders would cause the defendant to be incompetent to stand trial. Neither of his attorneys perceived any competency issues. . . .
>      The applicant was sufficiently competent to tell [his attorney] that he did not believe there was a basis for count II, the charge of operating a motor vehicle without the owner's consent. He was

sufficiently competent at the time of the initial charge to raise the competency issue with [his attorney]. He was sufficiently competent at both the time of the initial charge and at the time of the probation revocation to immediately demand that his lawyer seek bond review in both situations.

This court has carefully reviewed both the transcript of the plea and sentencing and the transcript of the probation revocation. There is no suggestion of any competency problem in either of those transcripts. . . .

The court also takes into account the applicant's testimony at the trial in this [PCR] case. The applicant appeared . . . to this court to be cautious and calculating in making his answers. . . . Neither of the lawyers who represented Mr. Beard in the criminal case or in the probation revocations sought a competency evaluation because there was nothing that would suggest to a reasonable person that Mr. Beard's competency should be questioned.

On our de novo review of the record, we affirm this ruling of the district court. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (noting that, though our review is de novo, "we give weight to the lower court's findings concerning witness credibility").

Beard also argues his PCR counsel was ineffective in pursuing this claim against his trial counsel, because "he failed to produce testimony of those providing mental health related services to Beard" and "failed to secure expert testimony on the question of Beard's competency." These vague claims, however, fail to state who those witnesses would have been,[1] what they would have said, and how the omission of their testimony resulted in prejudice to Beard. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012) (providing an applicant

---

[1] Our review of the record shows Beard, in his initial PCR application, mentioned two individuals by name, including a case manager, when arguing his trial counsel was ineffective. However, the PCR application similarly fails to state what additional information these individuals would have provided and how that information would have demonstrated prejudice to Beard.

must show his counsel failed to perform an essential duty and resulting prejudice).

### B. Remaining Pro Se Claims

Finally, without any supporting argument, Beard lists fifteen claims he allegedly raised in his numerous amendments to his PCR application and states the district court did not rule on some of them; thus, the matter should be remanded.[2] *See Gamble v. State*, 723 N.W.2d 443, 445-46 (Iowa 2006).

On April 20, 2015, the district court held a hearing as a result of the numerous filings submitted by Beard, some of which included claims his PCR counsel was ineffective. Following that unreported hearing, which Beard attended telephonically and through counsel, the district court entered a ruling, which stated:

> Since January 15, 2015, Mr. Beard has filed [twenty-six] separate handwritten documents. Many of the documents are duplicative. Many are couched as applications to amend his [PCR] petition. At the hearing the court went through each handwritten document. Some of the issues have been resolved by agreement. Many of the issues go to the merits of the [PCR] application.

The court then noted Beard withdrew his complaints regarding his PCR counsel and summarized Beard's complaints against his previous counsel as follows:

> (a) Failing to adequately obtain a videotape of the underlying case. Mr. Beard believes that the State destroyed the tape and he believes that trial

---

[2] Beard identified those claims as follows: (1) "No direct or probation violation appeal filed," (2) "Anderson Credit/Time served," (3) "Competency," (4) "Reconsideration," (5) "Abuse of discretion in revocation," (6) "Video," (7) "Plea not knowing/voluntary," (8) "No Miranda," (9) "No PSI Probation Violation," (10) "No arrest of judgment," (11) "Prosecutorial misconduct," (12) "Ineffective PCR counsel," (13) "Plea no factual basis," (14) "No affirmative defense of diminished capacity," and (15) "Restitution suspended."

counsel should have been able to use the destruction of the tape to his advantage.

(b) Mr. Beard believes he had mental health issues which should have been explored. Had they been adequately explored, Mr. Beard believes a defense of some sort could have been raised.

(c) Mr. Beard wonders why no depositions were taken, why no motion in arrest of judgment was filed, and why an appeal was not filed.

(d) Mr. Beard raises a concern as to why no defense was raised based on an alleged *Miranda*[3] violation.

As a result of the hearing on April 20, 2015, the [PCR] application is considered amended so as to raise the above-listed issues.

At no time did Beard object to this order or seek to amend or enlarge it—either below or on appeal. That order was clearly intended to effectuate meaningful trial management and did so. It identified the remaining issues that required court resolution. Accordingly, we do not address those filings submitted by Beard prior to the April 20, 2015 hearing, only those remaining issues identified in the district court's April 21 order.

As to the "video" claim, the district court explicitly addressed this contention, noting Beard had withdrawn the claim, but nonetheless finding the evidence supported the video tape had been produced to Beard's counsel, Beard's counsel had discussed the contents of the video with Beard, and Beard had never requested to see the video. Beard does not challenge the merits of the district court's ruling but rather its purported failure to address the claim. As the claim was addressed, Beard's challenge fails. Beard's claim regarding competency is addressed above; and the district court addressed Beard's deposition claim in its order, finding Beard's counsel's decisions were "well within

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

the range of professional competency for criminal defense lawyers." The district court's ruling also addressed the "no direct or probation violation appeal" claim, for which the district court found, respectively, that no rational defendant would have wanted to appeal and no appeal was available. Further, Beard challenges his counsel's failure to file a motion in arrest of judgment, but he claims the motion in arrest of judgment should have been filed because of the State's purported failure to provide the video recording of the incident leading to the criminal charges brought against him. As the district court addressed this "video" claim in its ruling and found it had no merit, it implicitly denied Beard's "no arrest of judgment" claim. Finally, the district court found that a deputy had given Beard the *Miranda* warning; thus, its ruling addressed Beard's *Miranda* claim. Accordingly, we find the district court did address each claim raised prior to April 20, 2015, as summarized in the district court's April 21 order.

We find the four amended PCR applications provided in the record and relied upon by Beard on appeal that were filed after April 20, 2015,[4] can be fairly read to assert the following: (1) video evidence was not provided by the State, and thus there was insufficient evidence to convict Beard and his trial counsel was ineffective for failing to file a motion in arrest of judgment or an appeal based on the State's discarding of the video; (2) trial counsel was ineffective for failing to obtain a competency hearing; (3) Beard's plea was not knowing or voluntary because he lacked competency; (4) PCR counsel was ineffective for various reasons; (5) trial counsel was ineffective for failing "to file a motion due to

---

[4] We note that numerous filings were made by Beard, but we focus our review only on those filings provided on appeal in the appendix and relied upon by Beard.

diminished capacity"; and (6) the restitution plan did not reflect the judge's ruling that certain fines would remain suspended despite the revocation of Beard's probation.[5]

As noted above, the video and competency claim were addressed by the district court. Regarding Beard's fourth claim, Beard withdrew his claim his PCR counsel was ineffective at the trial held on Beard's PCR filings. As to Beard's claim his counsel was ineffective for failing "to file a motion due to diminished capacity," the record is unclear what Beard intends by this claim. Insofar as it references his competency, that was adequately addressed by the court and by us earlier in this opinion. Insofar as he is claiming his counsel was ineffective for not raising a defense of diminished capacity, the crime of operating a motor vehicle while intoxicated is a general intent crime. *See Houston v. State*, No. 14-1632, 2015 WL 4642520, at *2 (Iowa Ct. App. Aug. 5, 2015). The same holds true for the crime of eluding. *See State v. Evenson*, No. 14-0168, 2015 WL 1848719, at *3 (Iowa Ct. App. Apr. 22, 2015). Thus, any alleged diminished capacity serves as no defense. *See Anfinson v. State*, 758 N.W.2d 496, 502 (Iowa 2008) ("Evidence of diminished responsibility may not, however, negate general criminal intent, and is therefore not a defense to crimes which do not require proof of specific intent.").

Finally, Beard contests his restitution plan, noting that, when revoking Beard's probation, the district court ordered "[t]he fines as previously suspended

---

[5] Beard also claims the State failed to turn over transcripts, although this claim is not raised on appeal. Similarly, Beard generically states "[t]here must be sufficient evidence to constitutionally support a criminal conviction," but makes no argument about how this maxim applies to his case or his PCR application.

remain suspended." The order accepting Beard's plea and entering judgment suspended the $750 fine and 35% surcharge imposed on the eluding charge. However, it did not suspend the $1250 fine, 35% surcharge, and $10 DARE surcharge imposed for the OWI charge. Consistent with this original ruling, the restitution plan imposed a fine of $1250. There is nothing in the record on appeal indicating any inconsistency or error in the district court's orders or restitution plan.

**AFFIRMED.**