# IN THE COURT OF APPEALS OF IOWA

No. 17-0261
Filed September 13, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHAWN WILLIAM MICHAEL KIGER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

The defendant appeals from his conviction, following a guilty plea, for assault causing serious injury. **AFFIRMED.**

Eric D. Tindal of Keegan and Farnsworth, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Shawn Kiger appeals from his conviction, following a guilty plea, for assault causing serious injury. Kiger maintains his trial counsel provided ineffective assistance. More specifically, Kiger claims counsel was ineffective for failing to ensure Kiger understood the term "serious injury," which made his admission of guilt unknowing and involuntary.

In order to establish counsel was ineffective, Kiger is required to demonstrate, among other things, "a reasonable probability that, but for counsel's error, he [or she] would not have pleaded guilty and would have insisted on going to trial." *State v. Fisher*, 877 N.W.2d 676, 682 n.3 (Iowa 2016) (alteration in original). Kiger fails to even claim as much here. However, Kiger's claim must be preserved for postconviction relief. *See State v. Johnson,* 784 N.W.2d 192, 198 (Iowa 2010) (stating defendants, on direct appeal, "are not required to make any particular record in order to preserve the claim for postconviction relief" and when the record is inadequate to address the claim, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim"); *see also State v. Roby*, No. 16-0191, 2016 WL 4384979, at *2 (Iowa Ct. App. Aug. 17, 2016) (noting we may not penalize a defendant for inadequate briefing on a claim of ineffective assistance on direct appeal). Moreover, even if Kiger had made the appropriate assertion, the record before us is not adequate to determine the validity of it. *See State v. Delacy*, No. 16-0827, 2017 WL 1735684, at *4 (Iowa Ct. App. May 3, 2017) (en banc) (finding a defendant's claim he would have insisted on going to trial could not be decided on direct appeal even though "it is tempting to conclude there is no reasonable

probability [the defendant] would have insisted on going to trial in light of the substantial reduction in the amount of prison time and fines the plea agreement offered compared to the charges the State filed" because "circumstances underlying the prosecution's motivation for the plea offer and the defendant's willingness to go to trial are facts that should be permitted to be more fully developed").

We preserve Kiger's claim for further development of the record. We affirm.

**AFFIRMED.**