# IN THE COURT OF APPEALS OF IOWA

No. 17-0969
Filed March 7, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SHARON K. VANDERMARK,**
      Defendant-Appellant.

_____

      Appeal from the Iowa District Court for Polk County, David N. May (plea), and Jeanie K. Vaudt (sentencing), Judges.

      Sharon Vandermark appeals after pleading guilty to possession of a controlled substance as a habitual offender. **AFFIRMED.**

      Agnes G. Warutere of Warutere Law Office, Clive, for appellant.

      Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

      Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

Sharon Vandermark appeals after pleading guilty to possession of a controlled substance as a habitual offender. She challenges her guilty plea, arguing her trial counsel was ineffective in failing to seek the plea court judge's recusal. She also challenges the sentence imposed on her conviction, alleging it is grossly disproportionate.

**I. Guilty Plea.**

Vandermark's ineffective-assistance claim concerns the alleged appearance of a conflict of interest by the judge who accepted her guilty plea. At the commencement of the plea hearing, the plea judge indicated he and Vandermark had a mutual acquaintance, who was present in the courtroom. Neither the prosecutor nor defense counsel had any objection to proceeding forward with the plea hearing.[1] Vandermark's plea was accepted, a presentence investigation was ordered, and sentencing was set for a later date. Vandermark's acquaintance was also present at the scheduled sentencing hearing. At the commencement of that hearing, the plea judge took a recess to consult with counsel. After doing so, and out of an abundance of caution, the plea judge recused himself from the sentencing proceeding. Sentencing was continued and assigned to a different judge.

Vandermark alleges the plea judge should have recused himself from the plea proceeding. Vandermark never challenged the alleged judicial conflict of interest below nor filed a motion in arrest of judgment, which normally precludes a

---

[1] Defense counsel said, "[B]ased on the discussions we had in chambers and my brief discussion with Ms. Vandermark, we don't have any objection to going forward today."

defendant from asserting a challenge to a guilty plea on direct appeal. *See* Iowa R. Crim. P. 2.24(3)(a). However, Vandermark avoids this deficiency by instead raising her claim as one of ineffective assistance of counsel. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011) ("Ineffective-assistance claims are an exception to our normal rules of error preservation."). She contends that, because her trial counsel was aware of the potential conflict before Vandermark entered her guilty plea, her counsel was ineffective in failing to seek the judge's recusal from the plea proceeding. "Such claims are generally preserved for postconviction proceedings unless there is a satisfactory record upon which to draw a conclusion." *Id.*

In order to succeed on her ineffective-assistance-of-counsel claim, Vandermark must show her counsel failed to perform an essential duty, which resulted in prejudice. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). To meet the prejudice showing, there must be a probability of a different result sufficient to undermine confidence in the outcome. *See id.* Because Vandermark pled guilty to the possession charge, she must prove a reasonable probability that, but for counsel's breach of duty, she would not have pled guilty but instead would have insisted on going to trial. *See id.*

Vandermark makes no allegation that but for her counsel's alleged breach of duty, she would not have pled guilty and would have insisted on going to trial. She makes no suggestion that the results of the plea hearing would have been any different had either the plea judge refused to recuse himself, or recused himself and a different judge presided. She does not argue that the plea judge failed to comply with Iowa Rule of Criminal Procedure 2.8(2)(b) in taking the plea. She

4

does not assert her plea was involuntary or unknowing in any way. She does not argue the plea lacked a factual basis. She makes no argument that the plea judge should not have accepted the plea. She makes no argument she was prejudiced in any way. In order to sidestep these shortcomings, Vandemark claims that counsel's failure to seek the judge's recusal constitutes a structural error, denying her of her right to a fair trial.

Structural errors are errors that affect the framework within which a trial proceeds. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). Structural errors obviate the need to show prejudice. *Id*. Our supreme court has recognized that structural error occurs when:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Id.* We find none of these circumstances occurred here. In addition, structural error includes instances of biased judges. *State v. Jentz*, 853 N.W.2d 257, 265 (Iowa Ct. App. 2013) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993)); *see also Arizona v. Fulminante*, 499 U.S. 279, 309 (1991); *Turney v. Ohio*, 273 U.S. 510, 523 (1927) ("But it certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case.").[2]

---

[2] Structural errors necessitate automatic reversal after preservation at the trial level and then raised on direct appeal. *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1911–12 (2017).

Here, the record before us indicates the plea judge and Vandermark shared a mutual acquaintance.[3] The record is wholly inadequate to make any determination as to whether or not the judge was biased, as that term is defined for structural error purposes.

We preserve Vandermark's claim for postconviction-relief proceedings to allow her the opportunity to develop an adequate record for resolution of her claim on the merits. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (stating if there is not an adequate record to reach the merits of an ineffective-assistance-of-counsel claim on direct appeal, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim").

We therefore affirm Vandermark's conviction and preserve her challenge to her guilty plea for postconviction-relief proceedings.

**II. Sentence.**

The district court sentenced Vandermark to an indeterminate term of incarceration, not to exceed fifteen years, and ordered Vandermark to serve a minimum of three years. Vandermark challenges her sentence on appeal, arguing it is grossly disproportionate to the offense she committed and, therefore,

---

The Supreme Court did "not address whether the result should be any different if the errors were raised instead in an ineffective-assistance claim on collateral review." *Id.* at 1912.

[3] The plea hearing record indicates Vandermark did some caretaking for the person. The plea judge informed the parties that he had known the person for a long time, worked in the same office building, and knew each other socially. At the scheduled sentencing hearing, where the judge recused himself, the judge said he had known the person for a long time, did not spend a lot of time together, had talked to him recently, and "still consider[ed] him a friend."

unconstitutional. Because she challenges the constitutionality of her sentence, our review is de novo. *See State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014).

Iowa courts use a three-step analysis in determining whether a sentence is grossly disproportionate to the crime. *See State v. Propps*, 897 N.W.2d 91, 103 (Iowa 2017).

> The first step in this analysis is a threshold question, and if the first step is not satisfied, we need not proceed to steps two and three. Our first step is to determine whether [the defendant]'s sentence leads to the inference that it was grossly disproportionate. "This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence." Step two requires an intrajurisdictional analysis in which we "compar[e] the challenged sentence to sentences for other crimes within the jurisdiction." Step three requires an interjurisdictional analysis, and we "compar[e] sentences in other jurisdictions for the same or similar crimes."

*Id.* (citations omitted).

Vandermark's sentence does not outweigh the severity of the crime. Vandermark was sentenced as a habitual offender. The Iowa Code provides that a habitual offender may be sentenced for a term of incarceration up to fifteen years with no parole eligibility until the offender has served a minimum of three years of the sentence. *See* Iowa Code §§ 902.8, .9(c) (2016). We give the legislature substantial deference in determining this sentence. *See Propps*, 897 N.W.2d at 103. We also note that "a recidivist offender is more culpable than a first-time offender and therefore more deserving of a longer sentence." *Id.* This is Vandermark's fifth drug-related conviction in a lengthy criminal history that extends more than twenty years. She has been sentenced to probation three times before and had her probation revoked twice with regard to drug convictions. Because

Vandermark's sentence does not lead to the inference it was grossly disproportionate, her constitutional challenge fails.

**AFFIRMED.**