**IN THE COURT OF APPEALS OF IOWA**

No. 17-1367
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDREW C. STONEBRAKER,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Hardin County, Adria Kester, District

Associate Judge.


        A defendant appeals his conviction asserting his counsel was ineffective.

**AFFIRMED.**


        Darrell G. Meyer, Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Following a guilty plea, Andrew Stonebraker appeals his conviction of third offense domestic abuse assault, in violation of Iowa Code sections 708.2A(1) and (4) (2017). He asserts on appeal that his attorney provided ineffective assistance in failing to advise him of the justification defense and not sufficiently investigating the facts of the case.

To prove counsel was ineffective, Stonebraker must prove counsel failed to perform an essential duty and he was prejudiced as a result. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* We review such claims de novo. *Id.* at 494.

Normally, ineffective-assistance claims are best addressed in a postconviction-relief proceeding where an adequate record can be made. *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). "'We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge.' This is especially appropriate when the challenged actions concern trial strategy or tactics counsel could explain if a record were fully developed to address those issues." *State v. McNeal*, 867 N.W.2d 91, 105–06 (Iowa 2015) (citation omitted). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

Stonebraker claims there is record evidence that supports a justification defense and alleges counsel failed to "plumb" him for background information or interview witnesses, such as Stonebraker's own family, who could have refuted

the victim's claims. Because we have no evidence of counsel's investigation of the case or counsel's advice to Stonebraker, we are unable on the record currently available to resolve these claims. Therefore, they must be preserved for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If, however, the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim."). We affirm Stonebraker's conviction and sentence.

**AFFIRMED.**