# IN THE COURT OF APPEALS OF IOWA

No. 17-1685
Filed July 5, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**TRAVIS JAMES VERONDA,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Linn County, Lars G. Anderson, Judge.

　　　　The defendant appeals from the sentence he received following a remand for resentencing. **AFFIRMED.**

　　　　Frederick Stiefel, Victor, for appellant.

　　　　Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

　　　　Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Travis Veronda appeals from the sentence he received following a remand for resentencing. He maintains his counsel provided ineffective assistance by failing to object when the State did not abide by the original plea agreement.

**I. Background Facts and Proceedings.**

In 2016, Veronda was charged by three separate trial informations with domestic abuse assault, a serious misdemeanor; domestic abuse assault causing bodily injury, an aggravated misdemeanor; and second-degree burglary. Each of the three crimes involved the same woman, who had a court-issued no-contact order against Veronda.

Veronda entered into a plea agreement with the State whereby he agreed to plead guilty to the reduced charge of third-degree burglary as well as to each of the charges of domestic abuse assault. As part of the agreement, the State agreed to recommend a suspended sentence.

In December 2016, Veronda entered guilty pleas to each of the three charges and was sentenced to a five-year term of incarceration for the burglary conviction, a two-year term for domestic abuse assault causing bodily injury, and two years for the conviction for domestic abuse assault. Each of the sentences was suspended.

Veronda filed an appeal challenging the legality of his sentence, and the State filed a motion to reverse and remand for resentencing. It was undisputed Veronda had been improperly sentenced to a two-year term of incarceration for his serious misdemeanor conviction of domestic abuse assault. *See* Iowa Code § 903.1(b) (2016) ("For a serious misdemeanor, . . . the court may also order

imprisonment not to exceed one year."). In August 2017, our supreme court filed an order granting the State's motion and remanding for resentencing.

Between Veronda's guilty pleas and sentencing in December 2016 and when the matter came on for resentencing in September 2017, it was alleged Veronda had violated the no-contact order between him and the protected party a number of times. In a January 2017 probation violation complaint, it was alleged Veronda had violated his probation by being in the home of the protected party with her and by providing an alcohol breath test that registered a blood alcohol content of .149. As a result, the State filed an application to revoke Veronda's probation. In June, the State filed a second application for revocation of Veronda's probation after it was alleged he again violated the terms of his probation and the no-contact order by spending time in the home of and with the protected party. The State later amended the application to include the allegation that a urinalysis collected from Veronda in June showed the presence of alcohol in Veronda's system.

At the resentencing hearing, the court began the proceedings by reciting the procedure of the case up to that point, including:

> While the case was pending appeal, it appears there may have been some probation violation proceedings and some contempt proceedings related to a no contact order, and my understanding is some of those have been set for hearing today or at least one . . . .
> . . . [W]e're not proceeding with any probation revocation proceedings or contempt proceedings at this time.
> Is that correct, [prosecutor]?

Both the State and defense counsel agreed the court's recitation was correct, and the hearing continued:

THE COURT: So essentially the State is dismissing those at this time; is that correct?

PROSECUTOR: Yes, the probation revocation and the violations of the no contact order in exchange for [Veronda's] agreement on the sentence on the underlying offense.

. . . .

THE COURT: Is there a plea agreement in this case, [prosecutor]?

PROSECUTOR: Yes, your Honor. I believe the plea agreement is that [Veronda] will be—the sentence will be imposed for the [third-degree burglary conviction,] which is a class "D" felony and that [Veronda] should be remanded to the custody of the Department of Correctional Services to serve that sentence, and that the sentences in the other two matters, the serious misdemeanor and the aggravated misdemeanor, would be concurrent to the felony in these matters.

THE COURT: The sentences in those two misdemeanors, are you talking about the maximum, so two years and one year respectively?

. . . .

DEFENSE COUNSEL: That's correct, your Honor.

PROSECUTOR: Yes.

THE COURT: And obviously we're here for a resentencing. That sounds like, because it's a different result than what was achieved during the first sentencing, perhaps a different—I'm not sure. Is this a different plea agreement than the parties had initially?

DEFENSE COUNSEL: Yes, your Honor. The original plea agreement was for a suspended sentence, but this is obviously a new plea agreement.

THE COURT: And every—everybody is okay with that?

DEFENSE COUNSEL: Yes, your Honor.

PROSECUTOR: Yes, your Honor.

. . . .

THE COURT: All right. One thing I do want to confirm, Mr. Veronda, there was some discussion about the plea agreement and how that plea agreement has changed since prior to the time you pled guilty last time. Are you okay with that, sir? Your attorney indicated that you were, but I want to verify with you.

VERONDA: Yes.

The court then proceeded to sentence Veronda to a five-year term of incarceration for the burglary conviction, with the shorter sentences running concurrently. Veronda appeals.

**II. Discussion.**

Veronda maintains he received ineffective assistance at his resentencing hearing because his counsel failed to object when the prosecutor did not abide by the first plea agreement, i.e. to recommend a suspended sentence for the burglary charge and an "open disposition" for the other two charges.

A defendant may raise claims of ineffective assistance on direct appeal if he or she has reasonable grounds to believe the record is adequate to address the claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing Iowa Code § 814.7(2)). Here, we find the record is adequate. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (providing "it is for the court to determine whether the record is adequate" to reach the merits of a claim of ineffective assistance on direct appeal).

To establish his claims of ineffective assistance, Veronda has the burden to establish by a preponderance of the evidence that "(1) his . . . counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Straw*, 709 N.W.2d at 133. "A defendant establishes prejudice by showing 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Pace*, 602 N.W.2d 764, 774 (Iowa 1999) (citation omitted). If either element is lacking, Veronda's claim fails. *See Straw*, 709 N.W.2d at 133.

Veronda concedes that a plea agreement may be amended or modified. And he does not dispute that the prosecutor accurately conveyed the new plea agreement when she told the court the State would dismiss its applications for probation revocation if Veronda agreed the sentences for the underlying burglary

and domestic-abuse charges be imposed and not suspended. Therefore, his argument is not actually that the prosecutor breached the plea agreement. Rather, he claims the plea agreement can only be modified for "good reasons" and such reasons must be adequately stated on the record, which he asserts is not the case here. His relies on only one authority for this claim—an unpublished case from this court, *State v. Montes*, No. 08-1043, 2009 WL 928515, at *2–3 (Iowa Ct. App. Apr. 8, 2009), which does not stand for the proposition for which Veronda cites it.

Here, the prosecutor presumably stated the new plea agreement on the record accurately, as defense counsel agreed with the rendition at the time and Veronda has not stated otherwise on appeal. The court then asked Veronda directly if he agreed to the new plea agreement, and Veronda indicated on the record that he did.[1] Veronda has not since claimed that his agreement was given unwillingly or involuntarily. Moreover, it is Veronda who has the burden to establish that counsel had an essential duty that required him to object to the new plea agreement, and we cannot say Veronda has met this burden.

We affirm Veronda's sentence.

**AFFIRMED.**

---

[1] Veronda asserts "there is nothing in the sentencing record . . . to indicate [he] understood his options." His own statements belie this assertion.