# IN THE COURT OF APPEALS OF IOWA

No. 18-0311
Filed December 19, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**RAMAREZ M. GARY,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Ramarez Gary appeals the judgment and sentence entered on his convictions after pleading guilty. **AFFIRMED.**

Steven E. Goodlow of Goodlow Law Firm, Albia, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**DOYLE, Judge.**

Ramarez Gary appeals the judgment and sentence entered on his convictions after pleading guilty to various charges. He alleges he received ineffective assistance of counsel. We review claims of ineffective assistance of counsel de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

To succeed on a claim of ineffective assistance, a defendant must show (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Counsel breaches an essential duty if counsel failed to perform competently under prevailing professional norms. *See Clay*, 824 N.W.2d at 495. In the context of a guilty plea proceeding, a defendant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability the defendant "would not have pled guilty and would have insisted on going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Unless the defendant proves both elements, the ineffective-assistance claim fails. *See Clay*, 824 N.W.2d at 495. Although we may address ineffective-assistance claims on direct appeal when the record is adequate, we ordinarily preserve such claims for postconviction-relief proceedings to allow for full development of the record. *See State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017).

We are unable to resolve Gary's claim on direct appeal. Put simply, we cannot discern the precise nature of his claim. Gary alleges that his counsel failed "to notify and properly inform him of the type and significance of the [combined plea and sentencing] hearing and what [it] would entail," which amounts to "a failure of counsel to maintain essential and important contact" and caused him to be "ill prepared for his sentencing hearing." He also alleges counsel was

ineffective "by failing to discuss with [him] the significance of Iowa Rule of Criminal Procedure 2.10," though whether and how the rule applies here is unknown to us. Whether counsel failed to perform an essential duty and whether Gary would not have pled guilty and would have insisted on going to trial had counsel performed differently cannot be determined on this record. Accordingly, we affirm Gary's convictions and preserve any claims of ineffective assistance of counsel for possible postconviction-relief proceedings. *See State v. Harris*, ___ N.W.2d ___, ___, 2018 WL 5851066, at *1 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it."); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If, however, the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

**AFFIRMED.**